# Exhibit 63

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

                                    **HONORABLE PAUL D. BORMAN**

  v.                              **No. 17-20406**

**MICHAEL BROWN,**

       Defendant.
_____/

**SENTENCING**

**Wednesday, November 7, 2018**

**9:00 a.m.**

APPEARANCES:

   For the Plaintiff:         **DAVID A. GARDEY**
                                **ERIN SHAW**
                                U.S. Attorney's Office
                                211 West Fort Street
                                Suite 2001
                                Detroit, Michigan  48226
                                (313) 226-9100

   For the Defendant:        **DAVID R. CRIPPS**
                                Law Office of Cripps & Silver
                                431 Gratiot Avenue
                                Detroit, Michigan  48226
                                (313) 963-0210

To Obtain Certified Transcript, Contact:
Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC
(313) 234-2608

**TABLE OF CONTENTS**

Page

**Sentencing**                                                     3

   Allocution by Mr. Cripps                                6

   Allocution by Mr. Brown                                11

   Response by Ms. Shaw                                   11

   Imposition of sentence by the Court                    16


Exhibits:                                                    Received

  (None offered.)

November 7, 2018

Detroit, Michigan

- - -

(Call to order of the Court, 9:00 a.m.)

(Court, Counsel and Defendant present.)

THE COURT CLERK:  Now calling the case the *United States of America versus Michael Brown*, Case Number 17-20406.

THE COURT:  Okay.  Parties please identify themselves for the record beginning with the government.

MS. SHAW:  Good morning, Your Honor.  Erin Shaw for the United States.

MR. GARDEY:  Good morning, Your Honor.  David Gardey appearing on behalf of the United States.

THE COURT:  Okay.  Who will be speaking?

MS. SHAW:  I will.

THE COURT:  Okay.  And for defendant, please.

MR. CRIPPS:  Good morning, Your Honor.  David Cripps on behalf of Mr. Michael Brown.

THE COURT:  Okay.  And good morning, Mr. Brown.

THE DEFENDANT:  Good morning, Your Honor.

THE COURT:  Okay.  Why don't you come to the podium with Mr. Brown.

MR. CRIPPS:  Thank you.

THE COURT:  We'll proceed.  And if you go sidebar. Then just for the record, would the probation officer identify

himself.

MR. LUKE:  Yes, Your Honor.

THE COURT:  And spell his first and last name.

MR. LUKE:  Robert Luke on behalf of probation, L-U-K-E.

THE COURT:  Thank you.

Okay.  Let me ask counsel for defendant, Mr. Cripps, did you receive a copy of the presentence report in this case?

MR. CRIPPS:  I have, Your Honor.

THE COURT:  And did you have a chance to go over it with Mr. Brown?

MR. CRIPPS:  Yes, we did.

THE COURT:  Do you have any corrections or additions or objections?

MR. CRIPPS:  The only objection I had was as to semantics in terms of the wording regarding the offense but I covered that in my memorandum.

THE COURT:  You did, you did.  And I read that.

Let me ask Mr. Brown.  You had a chance to go over this with your lawyer?

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  Do you have any corrections or additions?

THE DEFENDANT:  No, sir.

THE COURT:  Same question to Miss Shaw.  Did you get a copy of the pre?

the guideline range which is 12 months.

THE COURT:  Okay.  The Court has before it the sentencing of Mr. Michael Brown.  It's a difficult case.  It's a tragic case.  The defense counsel has ably set forth many good reasons for his request for probation.  The government has also ably set forth reasons for a sentence within the guidelines.  Among the factors the Court must take into account, in addition to the guideline range, are the factors under Title 18 U.S.C. Section 3553(a), the nature and circumstances of the offense, and the Court finds that it is a very serious offense, misleading the grand jury.  Particularly by a counsel, having gone to law school, is very serious.

The history and characteristics of the defendant show someone, as Mr. Cripps well pointed out, who has a lifetime of work and success up until 2015.

There's a need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law and to provide just punishment to adequately deter criminal conduct.  I do not believe there's a need to protect the public from further crimes of Mr. Brown.

Taking these factors into consideration, pursuant to the Sentencing Reform Act of 1984, considering the guidelines and the factors contained in 18 U.S.C. Section 3553(a) commits the defendant to the custody of Bureau of Prisons for a period of a year and one day.  Mr. Cripps can explain to him that the

year and one day means that he gets credit, 53 days off the year and a day.  So it's ten months basically and a third.

Upon release from imprisonment, he should be placed on supervised release for one year.  Further order a special assessment of $100.  Court imposes a $10,000 fine due immediately.  Interest shall not accrue.

I don't think there's a need for the inmate financial responsibility program assuming that he goes into prison and, when he does go, that he has cleared up that fine.  No mandatory drug testing.

While on supervision, defendant shall abide by the standard conditions adopted by this court and comply with special conditions about if there's any monthly installment payments remaining, do that.  Let me also say I accept the Rule 11 plea agreement.  Before I go and inform him of the right to appeal which there is an appeal waiver but at the same time there is a right, both Mr. Cripps and Miss Shaw spoke about a delayed report date.  Do you wish to suggest a time period?

MS. SHAW:  Excuse me, Your Honor.

(Short pause.)

MS. SHAW:  Your Honor, thank you for the opportunity to speak with my co-counsel.  We'd recommend a six-month delay with the opportunity to revisit it if needed.

THE COURT:  Okay.  Any --

MR. CRIPPS:  I concur in that, Your Honor.

THE COURT:  Okay.  So we'll set a report date for six months from today.

With regard to the right to appeal, let me pull out the Rule 11.  The issue of restitution will be dealt with at a later period.

Under the Rule 11, he waives his right to appeal except on the ground of ineffective assistance of counsel.  You understand that, sir?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So if you wish to appeal based on ineffective assistance of counsel, that's the only available ground, then you must file notice with the Court within 14 days from today.  You understand that, sir?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  At the same time, if you cannot afford counsel to represent you on appeal, then you have to fill out a financial disclosure statement requesting court-appointed counsel to process your appeal on only the ground of ineffective assistance and the Court would appoint counsel if the financial affidavit shows you cannot afford counsel.  But you must let the Court know within 14 days.  You understand that, sir?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Then, Mr. Luke, is there anything

further that the Court has to deal with?

MR. LUKE: Yes, Your Honor. Would the Court like to address the cost of incarceration, costs of supervision?

THE COURT: The Court will not impose costs of incarceration or costs of supervision.

MR. LUKE: Okay. Thank you, Your Honor.

THE COURT: Okay. Anything -- let me just ask Mr. Cripps, is there any objection to the sentence just pronounced that have not previously been raised?

MR. CRIPPS: No, Your Honor.

THE COURT: Same question, Miss Shaw.

MS. SHAW: No.

THE COURT: Let me ask if you wish at some point to request any special designation of location, if you do, let the Court know and -- the J and C will be coming out. Is there something that you want to consult with your client now with regard to the Court's recommendation of a place of incarceration?

MR. CRIPPS: We'll reserve that for now, Your Honor.

THE COURT: Okay. Thank you. We are concluded. Thank you.

THE COURT CLERK: Everyone --

MR. CRIPPS: Thank you very much, Judge.

THE DEFENDANT: Thank you, Your Honor.

THE COURT CLERK: Everyone please rise. Court is in

**SENTENCING**                                                          20

recess.

(Proceedings concluded, 9:26 a.m.)

- - -

CERTIFICATION OF REPORTER


I, Leann S. Lizza, do hereby certify that the above-entitled matter was taken before me at the time and place hereinbefore set forth; that the proceedings were duly recorded by me stenographically and reduced to computer transcription; that this is a true, full and correct transcript of my stenographic notes so taken; and that I am not related to, nor of counsel to either party, nor interested in the event of this cause.



S/Leann S. Lizza                                    11-19-2018

Leann S. Lizza, CSR-3746, RPR, CRR, RMR          Date

# Exhibit 64

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

                                    **HONORABLE PAUL D. BORMAN**

  v.                                 **No. 17-20406**

**JEROME DURDEN,**

        Defendant.
_____/

**SENTENCING**

**Wednesday, November 7, 2018**

**11:39 a.m.**

APPEARANCES:

    For the Plaintiff:        **DAVID A. GARDEY**
                                  **ERIN SHAW**
                                  U.S. Attorney's Office
                                  211 West Fort Street
                                  Suite 2001
                                  Detroit, Michigan  48226
                                  (313) 226-9100

    For the Defendant:        **JUDITH S. GRACEY**
                                    The Gracey Law Firm
                                  2200 Beechmont Street
                                  Keego Harbor, Michigan  48320
                                  (248) 221-7726

To Obtain Certified Transcript, Contact:
Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC
(313) 234-2608

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 13 of 29 PageID
Case 2:17-cv-20406-FDB-RSW   ECF No. 1-31   filed 11/20/18   PageID.2361   Page 2 of 29
#: 1365

2

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| **Sentencing** |  | 3 |
| Allocution by Ms. Gracey | | 13 |
| Allocution by Mr. Durden | | 21 |
| Response by Ms. Shaw | | 22 |
| Imposition of sentence by the Court | | 25 |

<u>Exhibits</u>:                                          <u>Received</u>

(None offered.)

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 14 of 29 PageID #: 1366
Case 2:17-cv-20406-FDB-RSW   ECF No. 171   filed 11/20/18   PageID.2362   Page 3 of 25

3

**SENTENCING**

November 7, 2018

Detroit, Michigan

- - -

(Call to order of the Court, 11:39 a.m.)

(Court, Counsel and Defendant present.)

THE COURT CLERK:  Now calling the case the *United States of America versus Jerome Durden*, Case Number 17-20406.

THE COURT:  Okay.  Parties please identify themselves for the record beginning with the government.

MS. SHAW:  Good morning, Your Honor.  Erin Shaw for the United States.

MR. GARDEY:  Good morning, Your Honor.  David Gardey appearing on behalf of the United States.

THE COURT:  And who will be arguing?

MS. SHAW:  I will.

THE COURT:  Okay.  And for defendants, please.

MS. GRACEY:  Good morning, Your Honor.  For the record, Judith Gracey on behalf of Mr. Durden who is standing to my right.

THE COURT:  Okay.  Good morning, Mr. Durden.

THE DEFENDANT:  Good morning, Your Honor.

THE COURT:  Okay.  Why don't you come up with Mr. Durden to the podium.  Miss Shaw, if you go sidebar, we will continue.

So did you get a copy of the report?

**SENTENCING**

certainly the first person to plead guilty and work out a resolution with the United States. And as the Court knows, the first guy in the door is usually in the best spot, and Mr. Durden finds himself today really in the best spot.

He's pled guilty to a tax charge for covering up the underlying Taft-Hartley conduct and filing these false and fraudulent tax returns. His efforts benefited the National Training Center, the Leave the Light on Foundation and his corporation employer, FCA. He's provided extensive cooperation in the investigation and prosecution of others. That cooperation is detailed in a separate document that the government filed under seal.

The United States believes that he had a key role in securing all the guilty pleas that we've had so far in this case including Mr. Iacobelli; Mr. Mickens, who was here today; Ms. King; Ms. Johnson and Mr. Brown. His cooperation is expected to continue, and we would ask for a delayed report date so that he is able to accomplish that. I do believe that a probation sentence at this point goes too far and that a sentence of at this time 15 months with an ability to report late, continue to cooperate and have the opportunity for a Rule 35 downward departure makes the most sense. Thank you.

THE COURT: Okay. Thank you.

The Court has before it, again, today a tragic situation. Mr. Durden has a lifetime of accomplishments. At

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 16 of 29 PageID #: 1368
Case 2:17-cr-20406-FDB-RSW   ECF No. 171   filed 11/20/18   PageID.2385   Page 26 of 29

the same time he committed serious criminal activity not just with FCA but also utilizing a shell corporation or the shell charitable foundation Leave the Light On.  It wasn't that he just wrote checks for the NTC but also to the Leave the Light On and for other purposes that were not something that FCA intended the funds to be sent to.

So the factors that the Court must consider in imposing a sentence under Title 18 U.S.C. Section 3553(a) are the nature and circumstances of the offense, and this is a serious offense.  Not only was there a conspiracy, fraud with regard to the NTC but also for his own tax return that was not filed that he pled guilty to on Count 2.

The history and characteristics of the defendant are a lifetime of accomplishments, doing good, being a great father, husband.

There is a need for the sentence to reflect the seriousness of the offense and promote respect for the law and provide just punishment and to deter adequately others who may be thinking of such criminal conduct.  I do not in any way think there is a need to protect the public from further crimes of the defendant.

Accordingly, the Court pursuant to the Sentencing Reform Act of 1984, considering the guidelines, the factors, commits the defendant to the custody of Bureau of Prisons for a term of 15 months as to Count 1, ten months as to Count 2 to

run concurrently which means it's a total of 15 months.

Upon release from imprisonment, defendant shall be placed on supervised release for a term of three years on Count 1 and one year on Count 2 to be served concurrently with each other.

Further order a special assessment of $125 due immediately.  Total restitution to the IRS of $8,811.16.  If there are any further restitution issues, they will be dealt with subsequently.

The Court will waive imposition of a fine, costs of incarceration, costs of supervision.  No need to have mandatory drug testing.  And as Miss Gracey said, that if he's going to be paying his restitution amount to the IRS early and also the special assessment, I don't believe it's necessary to add the other conditions for persons who are subsequently incarcerated and haven't paid their amounts owing at that time.  So we will not include that.  I will accept the Rule 11.

Let me ask before I inform him of his right to appeal, Miss Gracey, are there any objections to the sentence -- and I will allow him, if he wishes at a later time, we'll allow his report date to be six months from today.  If you wish to have the Court designate an institution for him to report to, you can either do it today or at a later time before the six-month period terminates.

MS. GRACEY:  Could I do it at a later date?

USA v. DURDEN, 17-20406

**SENTENCING**

28

THE COURT: Please. Yes, we will allow that.

Are there any objections to the sentence just pronounced that have not previously been raised?

MS. GRACEY: No.

THE COURT: Same question, Miss Shaw?

MS. SHAW: No.

THE COURT: Miss Catrell, is there anything else that I have to do that I haven't done?

MS. CATRELL: Not to my knowledge, Your Honor.

THE COURT: Okay. Under the Rule 11 plea agreement, you waive your right to appeal the sentence except on the ground of ineffective assistance of counsel. So if you wish to appeal based on that ground only, ineffective assistance of counsel, then you must file a notice with the Court within 14 days. You understand that, sir?

THE DEFENDANT: I do.

THE COURT: And if you cannot afford counsel and you wish to appeal, then file a financial affidavit indicating that you have no funds and the Court would appoint a lawyer to represent you on appeal just on the issue of ineffective assistance of counsel at no cost to yourself. You understand that?

THE DEFENDANT: I do.

THE COURT: Okay. But you must, again, notify the court within 14 days if you do wish to appeal on the ground of

**SENTENCING**

29

ineffective assistance.  Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  Okay.  Anything further from the defense?

MS. GRACEY:  No, thank you.

THE COURT:  Anything further from the government?

MS. SHAW:  No.

THE COURT:  We are concluded.  Thank you.

THE COURT CLERK:  Everyone please rise.  Court is in recess.

(Proceedings concluded, 12:21 p.m.)

-   -   -

CERTIFICATION OF REPORTER


I, Leann S. Lizza, do hereby certify that the above-entitled matter was taken before me at the time and place hereinbefore set forth; that the proceedings were duly recorded by me stenographically and reduced to computer transcription; that this is a true, full and correct transcript of my stenographic notes so taken; and that I am not related to, nor of counsel to either party, nor interested in the event of this cause.



S/Leann S. Lizza_____ 11-19-2018

Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date



**USA v. DURDEN, 17-20406**

# Exhibit 65

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

         Plaintiff,

                                       **HONORABLE PAUL D. BORMAN**

  v.                                **No. 17-20406**

**KEITH MICKENS,**

         Defendant.
_____/

**SENTENCING**

**Wednesday, November 7, 2018**

**9:59 a.m.**

APPEARANCES:

    For the Plaintiff:          **DAVID A. GARDEY**
                                **ERIN SHAW**
                                U.S. Attorney's Office
                                211 West Fort Street
                                Suite 2001
                                Detroit, Michigan  48226
                                (313) 226-9100

    For the Defendant:         **ROBERT D. SHEEHAN**
                                  Sheehan & Associates PLC
                                1460 Walton Boulevard
                                Suite 102
                                Rochester Hills, Michigan
                                   48309
                                (248) 650-5366

To Obtain Certified Transcript, Contact:
Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC
(313) 234-2608

**TABLE OF CONTENTS**

                                                                  Page

**Sentencing**                                                      3

   Allocution by Mr. Sheehan                                        11

   Allocution by Mr. Mickens                                        13

   Response by Mr. Gardey                                           13

   Imposition of sentence by the Court                              18


Exhibits:                                                     Received

  (None offered.)

**SENTENCING**

                                    November 7, 2018

                                    Detroit, Michigan

                              -   -   -

     (Call to order of the Court, 9:59 a.m.)

     (Court, Counsel and Defendant present.)

          THE COURT CLERK:  Now calling the case the *United States of America versus Keith Mickens*, Case Number 17-20406.

          THE COURT:  Parties please identify themselves for the record beginning with the government.

          MR. GARDEY:  Good morning, Your Honor.  David Gardey appearing on behalf of the United States.

          MS. SHAW:  Erin Shaw for the United States.

          THE COURT:  Okay.  And who will be speaking?

          MR. GARDEY:  I will, Your Honor.

          THE COURT:  Okay.  And for defendant, please.

          MR. SHEEHAN:  Good morning, Your Honor.  Robert Sheehan on behalf of Keith Mickens, and Mr. Keith Mickens is seated next to me.

          THE COURT:  Good morning, Mr. Mickens.

          THE DEFENDANT:  Good morning, Your Honor.

          THE COURT:  Mr. Sheehan, why don't you and Mr. Mickens come up to the podium.  Mr. Gardey, if you go sidebar, then we will proceed.

          Mr. Sheehan, let me ask you, did you receive a copy of the presentence report in this case?

16-month sentence; is that correct?

MR. GARDEY:  Yes, Your Honor.

THE COURT:  Okay.  The Court has before it the sentencing of Mr. Mickens who became part of the improper scheme between Chrysler and the UAW in terms of the payments, authorizations for General Holiefield of huge sums.  Mr. Gardey rightfully sets forth that those huge numbers were not Mr. Mickens' numbers in terms of his benefits but they were part of his doing.  Is this what you were saying?

MR. GARDEY:  Yes, sir.

THE COURT:  At the same time Mr. Sheehan points out that there is a lifetime of hard work and good work up until that nefarious scheme.  So we have set the guideline range. The government has lowered it, so, which amounts to a downward variance.  But the Court still, those are advisory and the Court must still proceed with the sentence under the requirements of Title 18 U.S.C. Section 3553(a).

The nature and circumstances of the offense is serious.  I think that as Mr. Gardey stated and I think that we all recognize that he was a guardian of the UAW's position through his work at the UAW in the period that he also was on the NTC, that he violated his obligations to the union and to FCA.  His history and characteristics, as we've seen, are excellent.  At the same time there is a need for a sentence imposed to reflect the seriousness of the offense, promote

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 25 of 29 PageID #: 1377
Case 2:17-cr-20406-FDB-RSW   ECF No. 170   Filed 11/20/18   PageID.2365   Page 19 of 23

**SENTENCING**                                                                  19

respect for the law, provide just punishment for the offense, afford adequate deterrence to others in similar situations faced with acting unlawfully against their better judgment. And I do not believe there's any need to protect the public from further crimes of this gentleman.

Taking these factors into account, pursuant to the Sentencing Reform Act of 1984, according the guidelines and the factors contained in 18 U.S.C. Section 3553(a), I do believe that a downward variance from the 16-month figure that the government posited is appropriate in this case, commit the defendant to the custody of the Bureau of Prisons for a period of 12 months and one day. And Mr. Sheehan can explain to you that that means you get 53 days credit which is like about a month and a half at least off the year-and-a-day sentence.

Further ordered a special assessment of $100 due immediately, $10,000 fine due immediately. Interest shall not accrue.

I will suspend the report date and -- for six months at the request of the government. And you agree with that, I presume, Mr. Sheehan?

MR. SHEEHAN: Yes, Your Honor.

THE COURT: Okay. Supervised release term of one year.

If the defendant does not pay the amounts before he is -- becomes incarcerated, then there's an inmate financial

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 26 of 29 PageID #: 1378
Case 2:17-cr-20406-FDB-RSW   ECF No. 170   filed 11/20/18   PageID.2356   Page 20 of 23

SENTENCING

20

responsibility program. We don't have to go through that because my belief would be that he will do it. If he doesn't, then they have a special program that puts various conditions on individuals who owe money under the judgment. We'll deal with restitution at a later time. There's no need for the drug testing.

While on supervised release, he should abide by the standard conditions adopted by this court, and I will accept the Rule 11. And I will also ask Mr. Sheehan, are there any objections to the sentence just pronounced that have not previously been raised?

MR. SHEEHAN: No, Your Honor. I just want to clarify, the fine and the $100 due, can he have time to pay that or --

THE COURT: He's got six months. If he doesn't pay it within six months, then we get into the issue of adding additional conditions while he both -- while he is incarcerated and after he gets out with regard to the financial responsibility programs, not opening new lines of credit and providing financial information to the probation officer. If it's cleared up, then we don't have that issue.

MR. SHEEHAN: And then just another clarification, there's no charge for incarceration for him?

THE COURT: No. We'll waive costs of incarceration and supervision.

MR. SHEEHAN: Thank you, Your Honor.

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 27 of 29 PageID #: 1379
Case 2:17-cr-20406-FDB-RSW   ECF No. 170   filed 11/20/18   PageID.2357   Page 21 of 23

21

SENTENCING

THE COURT: Okay. Let me ask the government, are there any objections to the sentence just pronounced that have not previously been raised?

MR. GARDEY: No, Your Honor.

THE COURT: Okay. Under the Rule 11 plea agreement, Mr. Mickens, you do have the -- an appeal waiver except you are permitted to appeal from the sentence based only on the ground of ineffective assistance of counsel. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. If you wish to appeal based on just that claim, then you must notify the Court within 14 days. You understand that?

THE DEFENDANT: I understand, Your Honor.

THE COURT: And if you cannot afford counsel and you wish to appeal and then you file a financial waiver form explaining why you believe you need court-appointed counsel, but if you cannot afford counsel and wish to appeal, then you'd file that form and the Court would provide counsel to represent you on appeal solely on the issue of ineffective assistance of counsel. You understand that, sir?

THE DEFENDANT: I understand, Your Honor.

THE COURT: Okay. Let me ask, at this time do you want to identify an institution that you wish the Court to recommend? Of course, the Bureau of Prisons is not bound by it, but the Court can put that in, or do you want to wait for

the six-month period and then --

MR. SHEEHAN:  Your Honor, I prefer to wait for the six months, if I could.

THE COURT:  Okay.  Let me ask then, Mr. Gardey, any objections that have not previously been raised --

MR. GARDEY:  No, Your Honor.

THE COURT:  -- again?  And, Mr. Luke, is there anything the Court needs to do further?

MR. LUKE:  No, Your Honor.

THE COURT:  Okay.  We are concluded.  Thank you.

THE COURT CLERK:  Everyone please rise.  Court is in recess.

(Proceedings concluded, 10:28 a.m.)

- - -

**USA v. MICKENS, 17-20406**

Case 1:19-cv-06770-EK-MMH   Document 34-24   Filed 08/21/20   Page 29 of 29 PageID: 2369
Case 2:17-cr-20406-FDB-RSW   ECF No. 170   filed 11/20/18   PageID.2369   Page 23 of 23

23

**SENTENCING**

CERTIFICATION OF REPORTER

I, Leann S. Lizza, do hereby certify that the above-entitled matter was taken before me at the time and place hereinbefore set forth; that the proceedings were duly recorded by me stenographically and reduced to computer transcription; that this is a true, full and correct transcript of my stenographic notes so taken; and that I am not related to, nor of counsel to either party, nor interested in the event of this cause.

S/Leann S. Lizza_____   11-19-2018

Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date

**USA v. MICKENS, 17-20406**