# Exhibit 68

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

                        **HONORABLE PAUL D. BORMAN**

  v.                       **No. 17-20406**

**VIRDELL KING,**

        Defendant.
_____/

**SENTENCING**

**Tuesday, November 13, 2018**

**10:09 a.m.**

APPEARANCES:

    For the Plaintiff:        **DAVID A. GARDEY**
                                 **ERIN SHAW**
                                 U.S. Attorney's Office
                               211 West Fort Street
                               Suite 2001
                               Detroit, Michigan  48226
                               (313) 226-9100

    For the Defendant:        **JOHN A. SHEA**
                                 120 North Fourth Avenue
                                 Ann Arbor, Michigan  48104
                               (734) 995-4646

To Obtain Certified Transcript, Contact:
Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC
(313) 234-2608

Case 1:19-cv-06770-EK-MMH    Document 34-26    Filed 08/21/20    Page 3 of 10 PageID
Case 2:17-cr-20406-FDB-RSW    ECF No. 179 filed 01/29/19    PageID.2451    Page 2 of 50
#: 1393

2

**TABLE OF CONTENTS**

                                                                Page

  Sentencing                                                      3

    Allocution by Mr. Shea                                       13

    Allocution by Ms. King                                       17

    Response by Mr. Gardey                                       19

    Imposition of sentence by the Court                          26

Exhibits:                                                    Received

  (None offered.)

Case 1:19-cv-06770-EK-MMH   Document 34-26   Filed 08/21/20   Page 4 of 10 PageID
Case 2:17-cr-20406-FDB-RSW   ECF No. 179-2 filed 01/29/19   PageID.2462   Page 3 of 30
#: 1394

**SENTENCING**                                                      3

November 13, 2018

Detroit, Michigan

-   -   -

(Call to order of the Court, 10:09 a.m.)

(Court, Counsel and Defendant present.)

THE COURT CLERK:  Now calling the case the *United States of America versus Virdell King*, Case Number 17-20406.

THE COURT:  Okay.  Parties please identify themselves for the record beginning with the government.

MR. GARDEY:  Good morning, Your Honor.  David Gardey appearing on behalf of the United States.

THE COURT:  Okay.

MS. SHAW:  Erin Shaw for the United States.

THE COURT:  And who will be speaking?

MR. GARDEY:  I will, Your Honor.

THE COURT:  And for defendant, please.

MR. SHEA:  John Shea, Your Honor, with and on behalf of Virdell King.

THE COURT:  Okay.  Good morning, Ms. King.

THE DEFENDANT:  Good morning.

THE COURT:  Okay.  Mr. Shea, why don't you come to the podium along with your client.  Mr. Gardey, if you go sidebar, we'll continue.

Would the probation officer please identify herself for the record and spell her first name and last name to help

**USA v. KING, 17-20406**

Case 1:19-cv-06770-EK-MMH    Document 34-26    Filed 08/21/20    Page 5 of 10 PageID
Case 2:17-cr-20406-FDB-RSW    ECF No. 179   filed 01/29/19    PageID.2463   Page 4 of 50
#: 1395

**SENTENCING**                                                          4

Mrs. Lizza.

MS. GREWE:  Julie Grewe on behalf of the United States Probation Department, J-U-L-I-E, G-R-E-W-E.

THE COURT:  Thank you.

Let me ask Mr. Shea, did you get a copy of the presentence report in this case?

MR. SHEA:  Yes, Judge.

THE COURT:  And did you have a chance to go over it with Miss King?

MR. SHEA:  I did.

THE COURT:  Do you have any corrections or additions other than a couple paragraphs that you wanted stricken and a contesting of the issue of public trust?

MR. SHEA:  Nothing beyond that.

THE COURT:  And those you still wish to deal with?

MR. SHEA:  Yes.

THE COURT:  So you had a chance to go over this with your lawyer, Miss King?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you have any other objections or corrections?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.  Mr. Gardey, did you get a copy of the presentence report in this case?

MR. GARDEY:  Yes, Your Honor.

Case 2:17-cr-20406-PDB-RSW   ECF No. 179 filed 01/29/19   PageID.2495   Page 26 of 30

The Court has before it the sentencing of Miss Virdell King.  Among the factors -- we have already set the guideline range, the government has moved for a variance, the Court is accepting the Rule 11 plea agreement.

The factors to be considered are the nature and circumstances of the offense, and this offense is a serious offense, corruption of a union and a corporation.  The history and characteristics of the defendant are unblemished.  There is a need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence to criminal conduct of others in similar situations.  I do not in any way, and I think Mr. Gardey validates this statement that I'm making, see any need to protect the public from further crimes of Ms. King.

Taking these factors into account, pursuant to Sentencing Reform Act of 1984, considering the guidelines, the factors contained in Section 3553(a), imposes a sentence of 60 days incarceration, that's two months.  The Court will suspend reporting date for six months.  Further order a special assessment of $100 due immediately.  $5,500 fine due immediately.  No need for mandatory drug testing.  While on supervision she should abide by the standard conditions adopted by the Court.  We'll deal with restitution at a later time.

The Court -- basis for the downward variance, I think, as both the excellent work by Mr. Shea and also the statements,

Case 1:19-cv-06770-EK-MMH   Document 34-26   Filed 08/21/20   Page 7 of 10 PageID #: 1397

**SENTENCING**

27

the extended, extensive and compelling statements of Mr. Gardey in terms of her cooperation and her continuing cooperation.

Miss King, you have a right to appeal from the sentence on the basis only of ineffective assistance of counsel. You understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. And that's contained in the Rule 11 plea agreement, Page 12, VII.

If you wish to appeal only on that ground of ineffective assistance of counsel, you must file notice with the Court within 60 days from today's date. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. If you cannot afford counsel to represent you on appeal, then you have the ability to file an affidavit with the court saying that you wish to appeal on the ground of ineffective assistance, that you cannot afford counsel to represent you on appeal and the Court would appoint counsel at no cost to yourself, if you are indigent, to represent you on appeal. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: But you must file a notice within today's date, you understand that?

THE DEFENDANT: Yes.

THE COURT: There's also a period of supervised

**SENTENCING**

release from the sentence of one year. And we have also a thousand dollar fine. Let me ask probation and we'll deal with restitution at a later time.

MS. GREWE: Yes. Your Honor, you previously imposed a $5,500 fine.

THE COURT: I'm sorry, you're right. We'll leave it at the 5,500.

MS. GREWE: Okay.

THE COURT: I was going over -- I neglected to utilize supervised release. I'll waive costs of incarceration. I'm waiving costs of incarceration --

MR. SHEA: Thank you, Judge.

THE COURT: -- and supervision.

Is there anything else, Miss Grewe, that the Court has not dealt with in terms of imposing the sentence?

MS. GREWE: If you are planning on imposing conditions of supervised release.

THE COURT: They will be the standard conditions here and there's no need for any financial condition because I'm sure that will all be resolved before the sentence is served.

MS. GREWE: Okay. Thank you.

THE COURT: Let me ask Mr. Shea, are there any objections to the sentence just pronounced that have not previously been raised?

MR. SHEA: No, Judge, thank you. I'll have a

**SENTENCING**

clarifying question when you're done with what you're doing.

THE COURT: Mr. Gardey, same question, any objections to the sentence just pronounced that have not previously been raised?

MR. GARDEY: No, Your Honor.

THE COURT: Mr. Shea, please.

MR. SHEA: Maybe this is better put to Miss Grewe, but during the period of time, the more extended period of time before she would have to report, should she continue reporting to Pretrial Services?

MS. GREWE: Yes.

MR. SHEA: That's it.

THE COURT: We are concluded. Thank you.

MR. SHEA: Thank you, Judge.

THE COURT CLERK: Everyone please rise. Court is in recess.

    (Proceedings concluded, 10:53 a.m.)

                              -   -   -

**SENTENCING**

                    CERTIFICATION OF REPORTER


     I, Leann S. Lizza, do hereby certify that the above-entitled matter was taken before me at the time and place hereinbefore set forth; that the proceedings were duly recorded by me stenographically and reduced to computer transcription; that this is a true, full and correct transcript of my stenographic notes so taken; and that I am not related to, nor of counsel to either party, nor interested in the event of this cause.



S/Leann S. Lizza_____ 1-29-2019

Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date