# Exhibit 98

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

v.

D-1 Michael Grimes,

Defendant.

_____/

No.  19-cr-20520

Hon.  Bernard A. Friedman

**Offense:**
Count One – 18 U.S.C. § 1349;
Conspiracy to Commit Honest
Services Wire Fraud.

Count Two – 18 U.S.C. § 1956(h);
Conspiracy to Commit Money
Laundering.

**Maximum Penalty:**
Count One – Up to 20 years'
imprisonment.

Count Two – Up to 10 years'
imprisonment.

**Maximum Fine:**
Counts One and Two – Up to $250,000.

FILED

SEP 0 4 2019

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Michael Grimes and the government agree as follows:

1.    **Guilty Plea**

      A.    **Counts of Conviction**

1

Defendant will enter a plea of guilty to counts one and two of the Information which charge him with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

**B.    Elements of Offenses**

The elements of count one, conspiracy to commit honest services wire fraud, are as follows:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit honest services wire fraud, as charged in the information; and

2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

The elements of honest services wire fraud are:

1. The defendant knowingly and unlawfully devised and participated in a scheme to defraud his employer of its right to the honest services of the defendant through bribery or kickbacks;

2. The defendant did so knowingly and with an intent to defraud;

3. The scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact; and

4. In furtherance or execution of this scheme, the defendant used or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

2                                                        Defendant's Initials: _MLL_

The elements of count two, conspiracy to commit money laundering, are as follows:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit money laundering, as charged in the information; and

2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

The elements of money laundering are:

1. The defendant knowingly engaged in a monetary transaction;

2. The monetary transaction was of a value greater than $10,000.00;

3. The monetary transaction involved criminally derived property;

4. The criminally derived property was derived from specified unlawful activity;

5. The defendant knew that the monetary transaction involved criminally derived property; and

6. The monetary transaction took place within the United States.

### C.     Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea and are relevant to the charges and time period contained in the Information:

The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) was a labor organization engaged in an industry affecting commerce. The UAW represented tens of thousands of production, skilled trades, and salaried workers employed by the General Motors

3                                               Defendant's Initials: _M R G_

Case 2:19-cr-20520-BAF-APP ECF No. 14 filed 09/04/19 PageID.49 Page 4 of 13

Company (GM) at numerous locations in Michigan, and across the United States and Canada. The UAW was headquartered in Detroit, Michigan. The UAW-GM Center for Human Resources (CHR) was a tax-exempt corporation based in Detroit, Michigan. The stated purpose of the CHR was to develop, deliver, coordinate and administer joint strategies and programs designed to educate and train UAW-represented GM employees. GM's funding of the CHR was negotiated as part of the relevant collective bargaining agreements between UAW and GM. The Executive Board-Joint Activities (Executive Board) was the governing body responsible for overseeing and facilitating the joint activities of the CHR.

From in or about 2006, through on or about July 1, 2018, MICHAEL GRIMES was a senior UAW official, at times working closely with the UAW Vice President and Director of the GM Department, and also served as a member on the CHR Executive Board. As a senior UAW official and also as a member of the CHR Executive Board, MICHAEL GRIMES was a fiduciary of the UAW and the CHR and was prohibited by UAW and CHR policy from accepting kickbacks and improperly using his position to benefit himself, his family, and outside businesses. These regulations prohibited MICHAEL GRIMES from improperly using his position to benefit himself, his family, or other businesses. MICHAEL GRIMES was required by state and federal law to discharge his duties solely in the interest of the union and its membership.

4

Defendant's Initials: _MRG_

Union Official 1 and Union Official 2 were senior officials in the UAW GM Department and also served as officers on the CHR Executive Board. Vendor A and his wife, along with other partners, were the owners and operators of a group of affiliated companies that sold American-made custom logo products. The vast majority of Vendor A's business was with the UAW and CHR, providing clothing and accessories bearing the UAW or UAW-GM logo. Vendor A also owned and maintained "brick and mortar" clothing/voucher stores controlled by the UAW GM Department inside multiple GM manufacturing plants throughout the United States. Vendor B was a chiropractor based in the Philadelphia, Pennsylvania, and southern New Jersey areas. Vendor B provided chiropractic care to Union Official 1 and Union Official 2 for many years preceding the relevant time period of this Information. In August 2012, Vendor B opened a business which purported to sell American-made custom watches. The only income Vendor B's company earned was from UAW and CHR business.

### Conspiracy to Commit Honest Services Wire Fraud

From in or about 2006, through on or about July 1, 2018, MICHAEL GRIMES conspired with Union Official 1, and Union Official 2, and others to devise a scheme to defraud the CHR and UAW members of their right to honest, faithful, and impartial services, including the CHR's and UAW members' right to conscientious, loyal, faithful, disinterested, unbiased service, to be performed free

5

Defendant's Initials: _M.R.G_

of deceit, undue influence, conflict of interest, self-enrichment, self-dealing, concealment, bribery, fraud, and corruption, and to cause writings, signals, and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice.

It was an object of the scheme to defraud for MICHAEL GRIMES, Union Official 1, and Union Official 2 to use their positions with the UAW and CHR to personally enrich themselves by deceptively soliciting, influencing, and obtaining contracts from the UAW and the CHR for Vendor A and Vendor B to provide clothing and other products to the CHR and to UAW members. In return, MICHAEL GRIMES, Union Official 1, and Union Official 2 demanded and accepted from Vendor A and Vendor B hundreds of thousands of dollars in bribes and kickbacks in the form of cash, checks, and other things of value.

MICHAEL GRIMES, Union Official 1 and Union Official 2 concealed and did not disclose the manner in which certain contracts between the CHR and Vendor A and Vendor B, and between the UAW and Vendor A and Vendor B were obtained or the fact that MICHAEL GRIMES, Union Official 1, and Union Official 2 accepted bribes and kickbacks from Vendor A and Vendor B. MICHAEL GRIMES deposited into his bank accounts the cash and checks he received, thereby transmitting a writing or signal by means of a wire communication in interstate commerce.

6

Defendant's Initials: M A G

Case 1:19-cv-06770-EK-MMH   Document 34-41   Filed 08/21/20   Page 8 of 18 PageID
Case 2:19-cr-20520-BAF-APP   ECF No. 14   filed 09/04/19   PageID.92   Page 7 of 18
#: 1623

## Conspiracy to Commit Money Laundering

From in or about 2006, through in or about 2018, MICHAEL GRIMES did conspire with Union Official 1 and Union Official 2 to knowingly engage in monetary transactions by depositing the cash and checks he received as kickbacks from Vendor A and Vendor B, through or to a financial institution in the United States, thereby affecting interstate and foreign commerce. The criminally derived property was of a value of at least $1.5 million.

2.   **Sentencing Guidelines**

   A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence, following receipt of this Rule 11 Plea Agreement, the Presentence Report, and any other information that the Court may require of the parties.

   B.   **Guideline Range**

The government's recommended guideline range is **46 to 57 months**, and the defendant agrees with this guideline range. Except as necessary to the Court's determination regarding paragraph 2.B.1, neither party may take any position concerning the applicable guidelines that is different than any position of that party as noted above and as reflected in the attached worksheets.

   1.   Findings that Increase The Government's Recommended Guideline Range

7                                               Defendant's Initials: _MRG_

If the Court finds that (i) the defendant's criminal history category is higher than reflected on the attached worksheets, or (ii) the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from his probation officer, otherwise demonstrated a lack of acceptance of responsibility for his offense, or obstruction of justice or committed any crime, and if any such finding results in a guideline range higher than **46 to 57 months**, the higher guidelines range becomes the government's recommended guidelines range in paragraph 2B.

2. <u>Findings That Do Not Increase The Government's Recommended Guidelines Range</u>

If the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the government's recommended guideline range.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

8                                             Defendant's Initials: _MLC_

### A. Imprisonment

Pursuant to the Federal Rules of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B. Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of $200. The defendant is required to pay the special assessment immediately after sentence is imposed, and provide a receipt to the United States Attorney's Office within 24 hours of sentencing. The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

### D. Fine

There is no agreement as to fines.

### E. Restitution

9                                              Defendant's Initials: _MLC_

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Defendant agrees to make a full pre-sentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. Defendant agrees to complete and return the Financial Disclosure Form within three (3) weeks of receiving it from government counsel. Defendant agrees to participate in a pre-sentencing debtor's examination if requested to do so by government counsel.

### E. Forfeiture

As part of this agreement, defendant agrees to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable to his participation in the described honest services wire fraud conspiracy under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Defendant also agrees to forfeit

10

Defendant's Initials: _M/LC_

any property, real or personal, involved in or traceable to the money laundering conspiracy under 18 U.S.C. § 982(a)(1). Specifically, defendant agrees to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $1,509,500 (the "Money Judgment"). Defendant agrees that he personally obtained at least $1,509,500 as bribe payments made from Vendor A and Vendor B as described in the Factual Basis for Guilty Plea, above. Defendant further agrees that he knowingly engaged in monetary transactions with the bribes he received to conceal the nature of the funds.

Defendant also acknowledges that he used the bribe payments he received to acquire numerous assets, including, but not limited to, real property located at 10272 Gulfstone Court, Fort Myers, Florida and a 2017 Jeep Wrangler unlimited VIN 1C4BJWFG1HL689828 (the "Subject Property"). Defendant agrees to satisfy a portion of the Money Judgment by forfeiting all of his right, title, and interest in the Subject Property to the United States.

Following entry of this Rule 11 Agreement, defendant agrees to the Court's prompt entry of one or more orders of forfeiture, and agrees to sign a Stipulated Preliminary Order of Forfeiture for forfeiture of the Subject Property and entry of the $1,509,500 Money Judgment, at his Rule 11 plea hearing, or within two weeks of that hearing. Defendant agrees that the forfeiture order shall be final and effective as to him upon entry.

11                                          Defendant's Initials: _MLG_

Defendant acknowledges that he spent and dissipated many of the criminal proceeds that he obtained in connection with the described conspiracies, making these funds unavailable for forfeiture. For this reason, Defendant agrees that the Money Judgment may be satisfied through forfeiture of any property owned by him or under his dominion and control. Defendant explicitly agrees to the forfeiture of any and all identified substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to cooperate with the United States in connection with its efforts to identify, locate, seize, and forfeit property in accordance with this agreement. Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, any property that is forfeitable to the United States and will execute any legal documents that may be required to transfer title to the United States. Defendant will take whatever steps are necessary to ensure that his assets are not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.

Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any form, to any forfeiture carried out in accordance with this plea agreement, on any grounds, including that the forfeiture constitutes an

12                                                    Defendant's Initials: _MAG_

Case 1:19-cv-06770-EK-MMH Document 34-41 Filed 08/21/20 Page 14 of 18 PageID
Case 2:19-cr-20520-BAF-APP ECF No. 14 filed 09/04/19 PageID.58 Page 13 of 95
#: 1629

excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the court to advise him of this, under Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request a jury determine forfeiture under Rule 32.2(b)(5).

4.    **Other charges**

The government agrees that it will forego prosecution of MICHAEL GRIMES for other charges relating to the conspiracy to commit honest services wire fraud and money laundering and for any other matters revealed to the government during the investigation leading to this charge.

13                                              Defendant's Initials: _MLG_

5.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6.    **Each Party's Right to Withdraw from this Agreement**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

14                                                        Defendant's Initials: _MRG_

Case 1:19-cv-06770-EK-MMH   Document 34-41   Filed 08/21/20   Page 16 of 18 PageID
Case 2:19-cr-20520-BAF-APP   ECF No. 14   filed 09/04/19   PageID.60   Page 15 of 13
#: 1631

7.    **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence does not exceed **57 months,** the defendant also waives any right he may have to appeal his sentence on any grounds.   If the defendant's sentence of imprisonment is at least **46 months,** the government waives any right it may have to appeal the defendant's sentence.

8.    **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

9.    **Parties to Plea Agreement**

15                                      Defendant's Initials: _MLG_

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

16                                                                 Defendant's Initials: _MLC_

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on August 8, 2019**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

DAVID GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

FRANCES LEE CARLSON
Assistant United States Attorney
Deputy Chief, Public Corruption Unit

Eaton P. Brown by F.C.
EATON P. BROWN
Assistant United States Attorney

Date: 9/3/2019

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

MICHAEL MANLEY
Attorney for Defendant
Date: 9/3/19

MICHAEL GRIMES
Defendant
Date: 9/3/19

17

Defendant's Initials: MRG