**Appendix C: Public Coverage Raising Alleged Bribery Scheme's Alleged Potential Impact on CBA Negotiations, All Prior to the Filing of General Motors' Lawsuit**

| Date | Public Coverage | Public Source |
|---|---|---|
| January 26, 2018 | "Holiefield, King, and other yet-to-be-named UAW senior officials participated in the conspiracy that included FCA making payments that were intended to obtain benefits, concessions, and advantages for FCA in the negotiation, implementation, and administration of collective bargaining agreements between FCA and the UAW."<br><br>"The requesting, receiving, accepting, and agreeing to receive and accept money, gifts, things of value, and prohibited payments caused FCA to obtain benefits, concessions, and advantages for FCA in the negotiation, implementation, and administration of collective bargaining agreements between FCA and the UAW . . . ."<br><br>"The prohibited payments did impermissibly influence the collective bargaining process by allowing FCA to obtain company-friendly concessions from the UAW during the collective bargaining process."<br><br>"[P]laintiffs and other class members have been harmed in that potentially hundreds of millions of dollars of their dues paid to the UAW for the purposes of good-faith negotiations have instead been spent on tainted and/or illegal collective bargaining negotiations." | Complaint, *Swanigan* v. *FCA US LLC*, No. 2:18-cv-10319-GAD-DRG (E.D. Mich. Jan. 26, 2018), ECF No. 1 |
| January 29, 2018 | "The plaintiffs allege on behalf of other dues-paying UAW members employed by FCA that 'potentially hundreds of millions of dollars of their dues paid to the UAW for the purposes of good-faith negotiations have instead been spent on tainted and/or illegal collective bargaining negotiations' by former FCA labor negotiator Alphons Iacobelli and other former UAW leadership and FCA officials." | Ian Thibodeau, *FCA Workers Suing for 'Hundreds of Millions' Amid Probe*, Detroit News (Jan. 29, 2018) |

| Date | Public Coverage | Public Source |
|---|---|---|
| August 23, 2018 | "Plaintiffs allege that the unlawful payments made to the UAW officials 'allow[ed] FCA to obtain company-friendly concessions from the UAW during the collective bargaining process.'" | *Swanigan* v. *FCA US, LLC*, 2018 WL 4030815 (E.D. Mich. Aug. 23, 2018) |
| December 1, 2018 | "Many thought the choice of FCA (Chrysler, the smallest U.S. automaker) as the target for 2015 negotiations was strange.  But now we learn that FCA executive Al Iacobelli claims to have bribed union officials to win more contract concessions.  In the end a tainted negotiation set the tone for UAW bargaining at the Detroit Three automakers to the detriment of the membership." | Martha Grevatt & Scott Houldieson, *Where Are Union Auto Workers' Voices In Scandal Reporting?*, Labor Education and Research Project (Dec. 1, 2018) |
| March 29, 2019 | "From at least 2009 to 2016, the UAW took bribes from Fiat in exchange for advancing the company's interests in the negotiation, implementation, and administration of collective-bargaining agreements."<br><br>"For years, Fiat funneled millions of dollars to the Union, siphoning the money from an employee-training program and using it to bribe the Union for 'benefits, concessions, and advantages in the negotiation and administration of collective bargaining agreements.'"<br><br>"Fiat paid the bribes to keep the Union, in its words, 'fat, dumb, and happy.'  Specifically, Fiat bribed Union officials to obtain 'benefits, concessions, and advantages for [Fiat] in the negotiation, implementation, and administration of the collective bargaining agreements.'  Fiat viewed the bribes as an 'investment':  the company 'was seeking advantages and concessions in the negotiation and administration of the collective bargaining agreements,' and buying off the Union helped 'grease the skids.'  And the bribes were in fact 'accessed and used for that purpose.'"<br><br>"The corrupting effect that this scheme had on the labor-management relationship at Fiat 'cannot be overstated.'  The key players in the bribery scheme were the same senior officials who were responsible for negotiating, administering, and resolving grievances under the collective- | Br. of Appellants, *Swanigan* v. *FCA US LLC*, No. 18-2303 (6th Cir. Mar. 29, 2019), ECF No. 32 |

| Date | Public Coverage | Public Source |
|---|---|---|
| | bargaining agreements—including Fiat's Alphons Iacobelli and Michael Brown, and the Union's General Holiefield, Virdell King, Keith Mickens, and Nancy Johnson." <br><br> "It is certainly plausible to infer from Plaintiffs' complaint that, when the Union was accepting bribes from Fiat, it was also making concessions to Fiat, failing to press for new benefits, favoring Fiat in the grievance process, or taking other actions that disadvantaged employees.  In fact, it is implausible to think that this didn't happen.  The whole point of bribing a union is to gain employer-friendly concessions.  Nearly half a dozen high-ranking officials from Fiat and the Union confessed that was their precise goal—that the bribes were given to obtain 'benefits, concessions, and advantages for [Fiat] in the negotiation, implementation, and administration of the collective bargaining agreements.'  The federal government certainly thought it was plausible to conclude that this scheme undermined 'the integrity of contracts negotiated during [its] course.'" | |
| April 1, 2019 | "Plaintiffs Beverly Swanigan, Brian Lee Keller and Sheri Anolick filed an opening brief with the federal appeals court seeking to revive their proposed class action stemming from revelations in 2017 that UAW officials allegedly took millions of dollars in bribes from Fiat Chrysler to promote the company's interests during collective bargaining." | Linda Chiem, *6th Circ. Urged To Revive Fiat Chrysler, Union Collusion Suit*, Law360 (Apr. 1, 2019) |
| April 29, 2019 | "The workers claimed that former FCA employees paid bribes that 'impermissibly influenced' the UAW to accept 'company friendly positions' during negotiations for the workers' 2009, 2011 and 2015 master collective bargaining agreements . . . ." | Linda Chiem, *Fiat Chrysler Asks 6th Circ. To Nix Union Collusion Suit*, Law360 (Apr 29, 2019) |
| September 2, 2019 | "Federal agents investigating corruption within the U.S. auto industry carried out raids this week on homes of UAW President Gary Jones and former President Dennis Williams, suggesting the two are targets of the probe into bribery and kickbacks aimed at influencing labor contract negotiations." | *A Roundup of Recent Michigan Newspaper Editorials*, Associated Press State & Local (Sept. 2, 2019) |

| Date | Public Coverage | Public Source |
|------|-----------------|---------------|
| | "Jones is leading the bargaining for the UAW.  His credibility as an honest negotiator is gone, thanks to this week's raids.  Members can't have confidence that Jones is acting in their best interests, or that any contract proposal he brings to them is untainted by the gifts, favors and cash that have flowed to UAW officials for years." | |
| September 12, 2019 | "According to the Second Amended Complaint, FCA officials bribed UAW officials with millions of dollars' worth of gifts and money for the money for the purpose of getting a more company-friendly collective-bargaining agreement."<br><br>"The first count alleges that 'FCA colluded with UAW executives to take FCA-friendly positions during negotiations and collective bargaining'; 'FCA's unlawful conduct also violated the LMRA in that two or more persons conspired to pay money, give gifts and things of value, and make prohibited payments in violation of 29 USC 186'; and '[t]he prohibited payments and other conduct did impermissibly influence the collective bargaining process by allowing FCA to obtain company-friendly concessions from the UAW during the collective bargaining process.' Plaintiffs allege that they were harmed by FCA's conduct 'by having the dues they have faithfully paid used for purposes other than good-faith bargaining and arm's length negotiations.'  Furthermore, under this count, plaintiffs allege that their 'dues have not been used for intended purposes,' and that '[d]iscovery will likely reveal the extent to which FCA impermissibly interfered with the collective bargaining process, that FCA breached collectively bargained and other negotiated agreements, and the extent to which plaintiffs and other class members have been harmed by the collusion.'"<br><br>"Plaintiffs peppered their complaint with allegations that the collusion between FCA and UAW and bribes paid by FCA officials to UAW | *Swanigan* v. *FCA US LLC*, 938 F.3d 779 (6th Cir. 2019) |

| Date | Public Coverage | Public Source |
|---|---|---|
| | officials to UAW officials 'affected the bargaining process and the collectively bargained agreements.'"<br><br>"[T]heir argument now is that FCA violated its implied duties of good faith and fair dealing—which are implicit in all collective-bargaining agreements—by bribing UAW officials to affect negotiations." | |
| September 12, 2019 | "The [Sixth Circuit] panel rejected a bid by plaintiffs Beverly Swanigan, Brian Lee Keller and Sheri Anolick to get the federal appeals court to revive their proposed class action stemming from revelations in 2017 that UAW officials took millions of dollars in bribes from Fiat Chrysler to promote the company's interests during collective bargaining."<br><br>"The workers claimed that former FCA employees paid bribes that 'impermissibly influenced' the UAW to accept 'company friendly positions' during negotiations for the workers' 2009, 2011 and 2015 master collective bargaining agreements, according to FCA's brief."<br><br>"'The district court was correct.  Plaintiffs peppered their complaint with allegations that the collusion between FCA and UAW and bribes paid by FCA officials to UAW officials "affected the bargaining process and the collectively bargained agreements,"' the Sixth Circuit panel wrote. 'But nowhere do they allege that FCA breached a provision of the collective bargaining agreement.  And they acknowledged their failure and inability to do so before the district court.'" | Craig Clough, *6th Circ. Axes Workers' Fiat Chrysler-UAW Collusion Suit*, Law360 (Sept. 12, 2019) |
| November 20, 2019 | GM files lawsuit against FCA | Complaint, *General Motors* v. *FCA US LLC*, Case No. 2:19-cv-13429 (E.D. Mich. Nov. 20, 2019), ECF No. 1 |