# Exhibit 118



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# 6th Circ. Urged To Revive Fiat Chrysler, Union Collusion Suit

By **Linda Chiem**

Law360 (April 1, 2019, 8:26 PM EDT) -- Auto workers told the Sixth Circuit on Friday that they have the right to privately sue Fiat Chrysler and the United Automobile Workers for allegedly colluding to sacrifice workers' interests during collective bargaining, and that going through the union's grievance process would be useless.

Plaintiffs Beverly Swanigan, Brian Lee Keller and Sheri Anolick filed an opening brief with the federal appeals court seeking to revive their **proposed class action** stemming from revelations in 2017 that UAW officials allegedly took millions of dollars in bribes from Fiat Chrysler to promote the company's interests during collective bargaining.

Given that their union and their employer, FCA US LLC, were allegedly in cahoots, the workers claim their lawsuit is an exception to the general rule that most union disputes go through their respective internal grievance processes before going to court, according to their brief.

"There is no question that this conspiracy occurred; several participants pleaded guilty and went to prison for it. The only question is whether the victims of this conspiracy can bring a civil action to recover for their injuries," the workers said. "The answer is emphatically yes."

They claim U.S. District Judge Gershwin A. Drain improperly **dismissed their suit** in August after finding that the workers couldn't pinpoint which provisions of their union contract were breached by the payoff scheme and that they didn't exhaust their contractual remedies or follow internal grievance procedures.

"Plaintiffs alleged viable claims against the union and Fiat for violating the duty of fair representation and the collective-bargaining agreement," the workers said. "Plaintiffs were not required to plead exhaustion, and exhaustion was futile here anyway."

Judge Drain had found that the workers weren't entitled to a refund of their union dues, even though the union collected those dues without actually providing the good-faith representation that the members paid for. But that was based on a flawed analysis into proximate cause, the workers said in Friday's brief.

"Most fundamentally, a complaint cannot be dismissed for failure to plead remedies," they argued.

The workers added that the district court improperly held that they should've specified "how exactly the defendants' bribery and collusion disadvantaged the employees — identifying precisely what concessions Fiat extracted, what rights the union bargained away, what grievances the union let slide, and so on."

"No such allegations are required at the pleadings stage," they said. "Fiat breached the collective-bargaining agreement the moment it made a deal to pay the union for labor concessions. And the union violated its duty of fair representation the moment it took the bribes from Fiat. The extent to which these breaches harmed Fiat's employees goes to the scope of plaintiffs' ultimate relief, not whether they have stated a claim."

Furthermore, the alleged collusion between UAW and Fiat make this a classic case of union hostility, making it "pointless to require exhaustion of contractual remedies" or "internal union remedies" before filing suit, the workers argued.

Federal investigators revealed in 2017 that Fiat Chrysler executives diverted millions of dollars earmarked for a worker training center to pay off senior UAW officials in cash and gifts in exchange for employer-friendly concessions at the bargaining table, according to court documents.

The brief alleges union officials took bribes in the form of vacations, hotel accommodations, rounds of golf, designer clothes, jewelry, expensive meals, premium liquor, furniture, mortgage payments, an Italian shotgun, salaries for fake jobs and more. FCA allegedly funneled money for the bribes through the UAW Chrysler Training Center, which was supposed to provide education and training for employees, in order to keep the union "fat, dumb and happy," according to court documents.

Seven people have pleaded guilty to the scheme so far, but federal prosecutors haven't let up.

Just two weeks ago, Norwood Jewell, once the UAW vice president who oversaw the union's Fiat Chrysler department from 2014 to 2018, became the latest and most high-ranking former union official to be charged in the ongoing corruption investigation.

Prosecutors **accused Jewell** of charging or authorizing more than $40,000 on a UAW-Chrysler National Training Center credit card for personal expenses, according to a criminal information filed with the Michigan federal court on March 18.

Other UAW top brass who've already copped to participating in the scheme include Nancy Johnson, formerly the second highest UAW official in the FCA department, who **pled guilty** to a conspiracy charge in July and was sentenced to one year in prison in December.

Keith Mickens, a former senior UAW official who helped negotiate one of FCA's collective bargaining agreements with the union, **pled guilty** in April 2018 to **receiving personal gifts** and $25,000 in hush money from the automaker. He was sentenced to a year in prison.

The widow of former UAW Vice President General Holiefield **pled guilty** in February 2018 to filing false tax return documents. Holiefield died in March 2015. His wife, Monica Morgan, admitted to filing tax returns that failed to report more than $200,000 of income she received from the training center during the years that Holiefield was a UAW vice president. Former FCA officials have acknowledged using Morgan's companies and a charity to conceal payments made on behalf of FCA to Holiefield, according to prosecutors.

Virdell King, a former UAW official who helped negotiate and administer the collective bargaining agreements between the union and FCA, was sentenced to two months in prison after first being **charged** in August 2017.

Meanwhile, the Fiat Chrysler executives caught up in the alleged scheme included Alphons Iacobelli, FCA's former vice president of employee relations, and Michael Brown, FCA's former director of human resources.

In August, Iacobelli was sentenced to more than five years in prison for making $1.5 million in illegal payments to UAW officials after **pleading guilty** in January 2018, an about-face from his initial **not guilty plea** in August 2017. Brown **pled guilty** in May to concealing the conspiracy and received a **one-year sentence** in November.

Jerome Durden, who was a financial analyst in FCA's accounting department, received a **15-month sentence** last November after **pleading guilty** in August 2017 to one count of conspiracy to defraud the U.S. by obstructing the IRS and one count of failing to file an individual tax return.

An attorney for the workers said Monday that they had no comment beyond the brief. An FCA spokesperson declined to comment. A UAW representative declined to comment on pending litigation

The workers are represented by Jeffrey M. Harris and Cameron T. Norris of Consovoy McCarthy Park PLLC and Raymond J. Sterling, James Christian Baker and Brian J. Farrar of Sterling Attorneys at Law

PC.

Fiat Chrysler is represented by Thomas W. Cranmer, David D. O'Brien and Brian M. Schwartz of Miller Canfield Paddock & Stone PLC, and Jacob Eden Cohen, Julia Marie Jordan and Steven L. Holley of Sullivan & Cromwell LLP.

United Auto Workers is represented by Abigail V. Carter of Bredhoff & Kaiser PLLC, and William J. Karges III and Jeffrey D. Sodko of the UAW Legal Department.

The appellate case is Beverly Swanigan et al. v. FCA US LLC et al., case number 18-2303, in the U.S. Court of Appeals for the Sixth Circuit.

--Additional reporting by John Petrick, Cara Bayles and Dave Simpson.

All Content © 2003-2020, Portfolio Media, Inc.