# Exhibit 119



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Fiat Chrysler Asks 6th Circ. To Nix Union Collusion Suit

By **Linda Chiem**

Law360 (April 29, 2019, 7:43 PM EDT) -- Fiat Chrysler told the Sixth Circuit on Monday that union workers don't have the right to privately sue the company and the United Automobile Workers for allegedly colluding to sacrifice workers' interests during collective bargaining because they haven't alleged any breach of their union contract.

FCA US LLC fired back at plaintiffs Beverly Swanigan, Brian Lee Keller and Sheri Anolick's bid to get the federal appeals court to revive their **proposed class action** stemming from revelations in 2017 that UAW officials took millions of dollars in bribes from Fiat Chrysler to promote the company's interests during collective bargaining.

The automaker said in a reply brief that U.S. District Judge Gershwin A. Drain properly **dismissed the suit** in August after finding that the workers couldn't pinpoint which provisions of their union contract were breached by the payoff scheme and that they didn't exhaust their contractual remedies or follow internal grievance procedures.

The company maintained that the workers improperly asserted a "hybrid" claim under Section 301 of the Labor Management Relations Act, which FCA described as an extremely limited statute that applies only to "suits for violation of contracts between an employer and a labor organization."

The workers claimed that former FCA employees paid bribes that "impermissibly influenced" the UAW to accept "company friendly positions" during negotiations for the workers' 2009, 2011 and 2015 master collective bargaining agreements, according to FCA's brief. So in effect, the workers are bringing forth a disguised claim under Section 302 of the LMRA, the criminal statute barring employers from making improper payments to labor union officials, for bribery and collusion, FCA argued. Sixth Circuit precedent has already established that Section 302 does not create a private right of action, according to the brief.

"In apparent recognition that they could not plead that FCA breached any agreement, plaintiffs argue — for the first time on appeal — that FCA's alleged 'use of collusion and bribery' breached the 'implied covenant of good faith and fair dealing,'" FCA said, insisting that arguments raised for the first time on appeal are forfeited. "Even if a Section 301 claim could be based on a claim for breach of implied covenant of good faith and fair dealing, the implied covenant of good faith and fair dealing does not apply to the negotiation of contracts."

FCA insists that the UAW's internal grievance process could've sufficiently addressed the workers' claims because any collusive conduct ended in 2016 and all the participants of the alleged conspiracy are no longer with the union.

In their March 29 **opening brief** to the Sixth Circuit, the workers argued that their lawsuit is an exception to the general rule that most union disputes go through their respective internal grievance processes before going to court, especially since their union and their employer were in cahoots.

"There is no question that this conspiracy occurred; several participants pleaded guilty and went to prison for it. The only question is whether the victims of this conspiracy can bring a civil action to recover for their injuries," the workers said in the brief. "The answer is, emphatically, yes."

"Plaintiffs alleged viable claims against the union and Fiat for violating the duty of fair representation and the collective-bargaining agreement," the workers added. "Plaintiffs were not required to plead exhaustion, and exhaustion was futile here anyway."

They insisted that the alleged collusion between UAW and FCA make this "a classic case of union hostility, making it "pointless to require exhaustion of contractual remedies" or "internal union remedies" before filing suit, the workers argued.

Federal investigators revealed in 2017 that Fiat Chrysler executives diverted millions of dollars earmarked for a worker training center to pay off senior UAW officials in cash and gifts in exchange for employer-friendly concessions at the bargaining table, according to court documents.

The union officials took bribes in the form of vacations, hotel accommodations, rounds of golf, designer clothes, jewelry, expensive meals, premium liquor, furniture, mortgage payments, an Italian shotgun, salaries for fake jobs and more, according to the brief. FCA funneled money for the bribes through the UAW Chrysler Training Center, which was supposed to provide education and training for employees, in order to keep the union "fat, dumb, and happy," according to court documents.

Seven people have pleaded guilty to the scheme so far, but federal prosecutors haven't let up.

In March, Norwood Jewell, the former UAW vice president who oversaw the union's Fiat Chrysler department from 2014 to 2018, became the latest and most high-ranking former union official to be charged in the still-ongoing corruption investigation.

Prosecutors **accused Jewell** of charging or authorizing more than $40,000 of expenses on a UAW-Chrysler National Training Center credit card for personal expenses, according to a criminal information filed with the Michigan federal court on March 18.

Other UAW top brass who've already copped to participating in the scheme include Nancy Johnson, formerly the second-highest UAW official in the FCA department, who **pled guilty** to a **conspiracy charge** last July and was sentenced to one year in prison in December.

Keith Mickens, a former senior UAW official who helped negotiate one of FCA's collective bargaining agreements with the union, **pled guilty** in April 2018 to **receiving personal gifts** and $25,000 in hush money from the automaker. He was sentenced to a year in prison.

Also last year, the widow of former UAW vice president General Holiefield **pled guilty** to the felony offense of filing false tax return documents. Holiefield died in March of 2015. His wife, Monica Morgan, admitted to filing tax returns that failed to report more than $200,000 of income she received from the training center during the years that Holiefield was a UAW vice president. Former FCA officials have acknowledged using Morgan's companies and a charity to conceal payments made on behalf of FCA to Holiefield, according to prosecutors.

Virdell King, a former UAW official who helped negotiate and administer the collective bargaining agreements between the union and FCA, was sentenced to two months in prison after first being **charged** in August 2017.

Meanwhile, the Fiat Chrysler executives caught up in the scheme included Alphons Iacobelli, FCA's former vice president of employee relations, and Michael Brown, FCA's former director of human resources.

In August, Iacobelli was sentenced to more than five years in prison for making $1.5 million in illegal payments to UAW officials after **pleading guilty** in January 2018, an about-face from his initial **not guilty plea** in August 2017. Brown **pled guilty** in May 2018 to concealing the conspiracy and received a **one-year sentence** in November.

Jerome Durden, who was a financial analyst in FCA's accounting department, received a **15-month sentence** last November after **pleading guilty** in August 2017 to one count of conspiracy to defraud the U.S. by obstructing the IRS and one count of failing to file an individual tax return.

Counsel for the workers and an FCA spokesperson have declined to comment beyond the briefs.

The workers are represented by Jeffrey M. Harris and Cameron T. Norris of Consovoy McCarthy Park PLLC, and Raymond J. Sterling, James Christian Baker and Brian J. Farrar of Sterling Attorneys at Law PC.

Fiat Chrysler is represented by Julia Marie Jordan, Steven L. Holley and Jacob Eden Cohen of Sullivan & Cromwell LLP, and Thomas W. Cranmer, David D. O'Brien and Brian M. Schwartz of Miller Canfield Paddock & Stone PLC.

United Auto Workers is represented by Abigail V. Carter of Bredhoff & Kaiser PLLC, and William J. Karges III and Jeffrey D. Sodko of the UAW Legal Department.

The appellate case is Swanigan et al. v. FCA US LLC et al., case number 18-2303, in the U.S. Court of Appeals for the Sixth Circuit.

--Additional reporting by John Petrick, Cara Bayles and Dave Simpson. Editing by Jay Jackson Jr.

All Content © 2003-2020, Portfolio Media, Inc.