# Exhibit 122

Case 1:19-cv-06770-EK-MMH     Document 37-11     Filed 12/14/20     Page 2 of 3 PageID #: 1938



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# 6th Circ. Axes Workers' Fiat Chrysler-UAW Collusion Suit

By **Craig Clough**

Law360 (September 12, 2019, 8:24 PM EDT) -- The Sixth Circuit on Thursday ruled that Fiat Chrysler workers don't have a right to sue the company and the United Automobile Workers for colluding against their interests during collective bargaining, affirming a lower court's decision that the employees have not demonstrated any breach of their union contract.

The panel rejected a bid by plaintiffs Beverly Swanigan, Brian Lee Keller and Sheri Anolick to get the federal appeals court to **revive their proposed class action** stemming from revelations in 2017 that UAW officials took millions of dollars in bribes from Fiat Chrysler to promote the company's interests during collective bargaining.

"Plaintiffs cannot shoehorn what is truly a criminal bribery matter under the act into an inapplicable civil provision," the panel said in affirming U.S. District Judge Gershwin A. Drain's dismissal of the suit in August 2018.

The ruling also supported the arguments of FCA US LLC, which told the panel in April that Judge Drain properly found that the workers couldn't identify any particular area of their union contract that was breached by the bribery scheme and that they didn't exhaust their contractual remedies or follow internal grievance procedures.

In their March 29 **opening brief** to the Sixth Circuit, the workers argued that their lawsuit is an exception to the general rule that most union disputes go through their respective internal grievance processes before going to court. The reason for the exception, the workers argued, was the criminal bribery scheme, which showed union leaders were colluding with the company.

"There is no question that this conspiracy occurred; several participants pleaded guilty and went to prison for it. The only question is whether the victims of this conspiracy can bring a civil action to recover for their injuries," the workers said in the brief. "The answer is, emphatically, yes."

The workers claimed that former FCA employees paid bribes that "impermissibly influenced" the UAW to accept "company friendly positions" during negotiations for the workers' 2009, 2011 and 2015 master collective bargaining agreements, according to FCA's brief.

The company maintained that the workers improperly asserted a "hybrid" claim under Section 301 of the Labor Management Relations Act, which FCA described as an extremely limited statute that applies only to "suits for violation of contracts between an employer and a labor organization."

Case 1:19-cv-06770-EK-MMH    Document 37-11    Filed 12/14/20    Page 3 of 3 PageID #: 1939

The Sixth Circuit found that the workers have not alleged a viable 301 hybrid claim under the act because they could not demonstrate that the FCA violated the collective bargaining agreement in any specific way.

"The district court was correct. Plaintiffs peppered their complaint with allegations that the collusion between FCA and UAW and bribes paid by FCA officials to UAW officials 'affected the bargaining process and the collectively bargained agreements,'" the Sixth Circuit panel wrote. "But nowhere do they allege that FCA breached a provision of the collective bargaining agreement. And they acknowledged their failure and inability to do so before the district court."

The Sixth Circuit panel also found that the workers spent "the bulk of their appeal on newly raised and unpreserved issues" that could not be ruled upon because they were not raised at the district level.

FCA argued, and the district court agreed, that the UAW's internal grievance process could've sufficiently addressed the workers' claims because any collusive conduct ended in 2016 and all the participants of the alleged conspiracy are no longer with the union.

Federal investigators revealed in 2017 that Fiat Chrysler executives diverted millions of dollars earmarked for a worker training center to pay off senior UAW officials in cash and gifts in exchange for employer-friendly concessions at the bargaining table, according to court documents.

Seven people have pled guilty to the scheme, but other cases are still ongoing.

UAW declined to comment. Fiat Chrysler and counsel for the parties did not immediately return requests for comment.

U.S. Circuit Judges R. Guy Cole Jr., Richard Allen Griffin and John K. Bush sat on the panel for the Sixth Circuit.

The workers are represented by Jeffrey M. Harris and Cameron T. Norris of Consovoy McCarthy Park PLLC, and Raymond J. Sterling, James Christian Baker and Brian J. Farrar of Sterling Attorneys at Law PC.

Fiat Chrysler is represented by Julia Marie Jordan, Steven L. Holley and Jacob Eden Cohen of Sullivan & Cromwell LLP, and Thomas W. Cranmer, David D. O'Brien and Brian M. Schwartz of Miller Canfield Paddock & Stone PLC.

United Auto Workers is represented by Abigail V. Carter of Bredhoff & Kaiser PLLC, and William J. Karges III and Jeffrey D. Sodko of the UAW Legal Department.

The case is Swanigan et al. v. FCA US LLC et al., case number 18-2303, in the U.S. Court of Appeals for the Sixth Circuit.

--Additional reporting by Linda Chiem. Editing by Orlando Lorenzo.

All Content © 2003-2020, Portfolio Media, Inc.