**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE STELLANTIS N.V.<br>SECURITIES LITIGATION | : <br> : <br> : <br> : <br> : <br> : | 19-CV-6770 (EK) (MMH) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND AUTHORIZING DISSEMINATION OF NOTICE**

WHEREAS, a putative securities class action is currently pending before this Court styled *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-6770-EK-MMH (the "Action");

WHEREAS, Lead Plaintiff Nicholas S. Panitza ("Lead Plaintiff"), on behalf of himself and the other members of the Settlement Class, and Defendants Stellantis N.V. f/k/a Fiat Chrysler Automobiles N.V. ("FCA"), Roland Iseli and Alessandro Baldi, as Co-Executors for the Estate of Sergio Marchionne, Michael Manley and Richard K. Palmer (collectively, "Defendants"; together with Lead Plaintiff, on behalf of himself and the other members of the Settlement Class, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated May 14, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (i) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Proposed Class Certification for Settlement Purposes** – Solely for purposes of effectuating the proposed Settlement, the Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  the putative class of all persons or entities who or which purchased or otherwise acquired, on a U.S. Exchange or in a transaction in the United States, FCA or STLA common stock between February 26, 2016 and January 27, 2021, both dates inclusive (the "Class Period") (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of the Company and members of their immediate families; (iii) the legal representatives, heirs, successors or assigns of such excluded Person or entity; and (iv) any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Settlement.

2.      **Class Findings** – The Court finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds that each element requirement for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met for purposes of the proposed Settlement:  (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class;

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court also finds that it will likely certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5.      **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on February 17, 2022 at 9:30 AM, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (ii) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (iv) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (v) to determine whether the

motion by Lead Plaintiff's Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; (vi) to consider any Settlement Class Members' timely objections to the Settlement, Plan of Allocation, or motion for attorneys' fees and Litigation Expenses; and (vii) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 7 of this Order.

6. The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, may convert the hearing into a remote hearing (by telephone and/or video conference) without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class, provided that doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

a. within ten (10) calendar days after the date of entry of this Order, FCA shall provide or cause to be provided to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, a list, in electronic form, of record holders of FCA and STLA common stock during the Class Period obtained from FCA's U.S. transfer agent (consisting of names and addresses, as well as e-mail addresses if available), to the extent that such information is reasonably available;

b.      beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by FCA, or who otherwise may be identified through further reasonable effort;

c.      contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

d.      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

e.      not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Plaintiff's Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication by the Claims Administrator.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Internet Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, posting of the Internet Notice and Claim Form, and the publication of the Summary Notice in the manner and form set forth in ¶ 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the

circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead  Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired FCA or STLA common stock on a U.S. Exchange or otherwise in the United States during the Class Period for the benefit of another person or entity shall (i) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Internet Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Notice Packet to such beneficial owners.  Nominees or custodians who elect to send the Notice Packet to their beneficial owners shall send a written certification to the Claims Administrator confirming

-6-

that the mailing has been made as directed.  Additional copies of the Notice Packet shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians solely for their reasonable out-of-pocket expenses, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.     **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or received electronically, no later than ninety (90) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and

holding information found in a broker confirmation slip or account statement or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator;[1] (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (i) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (ii) shall be forever barred from participating in any distributions therefrom; (iii) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (iv) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 10 above.

13.     **Exclusion from the Settlement** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement must request exclusion in writing within

---

[1] The documentation provided must show whether the FCA or STLA common stock claimed was purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States.  To the extent the documentation does not provide whether the claimed common stock was purchased or otherwise acquired on a U.S. Exchange or in a transaction in the United States, or it is unclear, the Claimant will be required to supply additional documentation that provides such information to the satisfaction of Lead Counsel or the Claims Administrator.

the time and in the manner set forth in the Notice, which shall provide that: (i) any such request for exclusion from the Settlement must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to Settlement Fairness Hearing, to:  *Stellantis Securities Litigation Settlement*, EXCLUSIONS, *Panitza Fiat Chrysler Securities Litigation* c/o JND Legal Administration, P.O. Box 91396, Seattle, WA 98111, and (ii) each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-6770-EK-MMH"; (c) state the number of shares of FCA and/or STLA common stock that the person or entity requesting exclusion purchased/acquired on a U.S. Exchange or otherwise in the United States during the Class Period (*i.e.*, between February 26, 2016 and January 27, 2021, both dates inclusive), as well as the dates, number of shares and prices of each such purchase/acquisition; (d) state the number of shares of FCA and/or STLA common stock that the person or entity requesting exclusion sold during the Class Period, as well as the dates, number of shares and prices of each such sale; and (e) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement in the manner stated in this Order: (i) shall be deemed to have waived his, her or its right to be excluded from the Settlement; (ii) shall be forever barred from requesting exclusion from the Settlement in this or any other proceeding; (iii) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (iv) will be barred from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **<u>Appearance and Objections at Settlement Fairness Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 17 below, a notice of appearance such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement may submit a written objection to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class

Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

|                         |                         |
|-------------------------|-------------------------|
| **Lead Counsel**        | **Defendants' Counsel** |
| Stephanie M. Beige, Esq.| William B. Monahan, Esq. |
| Bernstein Liebhard LLP  | Sullivan & Cromwell LLP  |
| 10 East 40th Street     | 125 Broad Street         |
| New York, NY 10016      | New York, NY  10004-2498 |

18.     Any objections by a Settlement Class Member ("Objector") must: (i) state the name, address and telephone number of the person or entity objecting and must be signed by the Objector; (ii) state whether the Objector is represented by counsel and, if so, the name, address and telephone number of the Objector's counsel; (iii) indicate whether the objection applies only to the Objector, to a specific subset of the Settlement Class or to the entire Settlement Class; (iv) state with specificity the grounds for the Objector's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Objector wishes to bring to the Court's attention; and (v) include documents sufficient to prove membership in the Settlement Class, consisting of (a) documents showing the number of shares of FCA and/or STLA common stock that the Objector purchased/acquired on a U.S. Exchange or otherwise in the United States during the Class Period, as well as the dates, number of shares and prices of each such purchase/acquisition, and (b) documents showing the number of shares of FCA and/or STLA common stock that the Objector sold during the Class Period, as well as the dates, number of shares

-11-

and prices of each such sale.  Documentation establishing membership in the Settlement Class (including that the FCA and/or STLA common stock claimed was purchased or acquired on a U.S. Exchange or otherwise in the United States) must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the Objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection(s) must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

19.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the Settlement, the Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or to enforce the terms and conditions of the Stipulation.  Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from

commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Agent at Signature Bank shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

25.     **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** –
The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation
Expenses separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order
or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses,
including an award of costs to Lead Plaintiff, or any appeal from any order relating thereto or
reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect
or delay the finality of the Judgment approving the Stipulation and the settlement of the Action
and Releases.  At or after the Settlement Hearing, the Court shall determine whether the Plan of
Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of
expenses shall be approved.

26.     **Use of this Order** – Neither this Order, the Stipulation (whether or not
consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any
other plan of allocation that may be approved by the Court), the negotiations leading to the
execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the
Stipulation and/or approval of the Settlement (including any arguments proffered in connection
therewith):

            a.      shall be offered against any of the Defendants or the Defendants'
Releasees as evidence of, or construed as or deemed to be evidence of, any presumption,
concession or admission by any of the Defendants or Defendants' Releasees with respect to the
truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been
asserted or the deficiency of any defense that has been or could have been asserted in this Action
or in any other litigation, or of any liability, negligence, fault or other wrongdoing of any kind of
any of the Defendants or Defendants' Releasees or in any way referred to for any other reason as

-14-

against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.      shall be offered against Lead Plaintiff or any of the Plaintiffs' Releasees, as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by Lead Plaintiff or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiff or any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

27.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation and Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

28.     **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b)-(c), Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials.  Defendants shall be responsible for all costs and expenses related to CAFA notice.

29.     The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

30.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 15th day of October, 2021.

_Marcia M. Henry_
MARCIA M. HENRY
United States Magistrate Judge

-16-