# EXHIBIT 4

**Compendium of Unreported Cases**

*Enriquez v. Nabriva Therapeutics PLC*,
  No. 19-cv-04183-VM-GWG (E.D.N.Y. May 14, 2021) ............................................................ 1

*Mikhlin v. Oasmia Pharm. AB*,
  No. 19-cv-04349-NGG-RER (E.D.N.Y. May 24, 2021)......................................................... 2

*Murphy III v. JBS S.A.*,
  No. 17-cv-03084-ILG-RER (E.D.N.Y. July 22, 2019)............................................................. 3

# Tab 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| LARRY ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | **Case No. 19 Civ. 4183 (VM)** |
| Plaintiff, | ) ) | |
| v. | ) ) | **Honorable Victor Marrero** |
| NABRIVA THERAPEUTICS PLC, TED SCHROEDER, GARY SENDER, and JENNIFER SCHRANZ, | ) ) ) ) ) | **CLASS ACTION** |
| Defendants. | ) ) ) | |

**ORDER AND FINAL JUDGMENT**

WHEREAS, this matter came before the Court for hearing on May 14, 2021, pursuant to the Preliminary Approval Order entered January 28, 2021, on the application of the Parties for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all Persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein that are not otherwise identified have a meaning assigned to them as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the action and over all parties to the Action, including all Class Members.

1

3. On May 14, 2021, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Co-Lead Counsel on behalf of Lead Plaintiff and the Settlement Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4. In the Preliminary Approval Order, the Court found that Lead Plaintiff had made a sufficient showing that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting preliminary certification of the Settlement Class. The Court finds that such requirements continue to be satisfied, and hereby finally certifies this Action as a class action for purposes of Settlement, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a Settlement Class consisting of:

> All Persons and entities that purchased or otherwise acquired Nabriva common stock during the period from January 4, 2019 through April 30, 2019, both dates inclusive, and who were damaged thereby. Excluded from the Class are Defendants; the officers, directors, and affiliates of Nabriva; any entity in which Defendants have or had a controlling interest; immediate family members, legal representatives, heirs, successors, or assigns of any of the above.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Co-Lead Counsel previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6. In the Preliminary Approval Order, the Court preliminarily approved the Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Class Members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure,

due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to members of the Settlement Class under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all Persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715. Thus, the Court hereby determines that all Class Members are bound by this Order and Final Judgment.

7.     The Court has determined that the Settlement is fair, reasonable, and adequate and is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risk of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks. The Court has considered the submissions of the Parties along with the record in this Action, all of which show that the proposed Settlement is fair, reasonable and adequate.

3

8.     The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2) and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

9.     The Settlement provides that Defendants will cause $3,000,000 in cash to be paid into a Settlement Fund for the benefit of the Settlement Class. Among other things, the recovery of an individual Class Member depends on the number of Nabriva shares that the Class Member purchased and sold, and the prices at which other Class Members who filed claims purchased and sold those shares.

10.     The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Plaintiff's Counsel. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

11.     The Court notes that there were no objections filed to the Settlement from Class Members.

12.     In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

13.     The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as against Defendants and the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4

14.     Upon the Effective Date, Lead Plaintiff and each Class Member, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall hereby be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from asserting, instituting, commencing, or prosecuting any Released Claim against any of the Released Parties, directly, indirectly or in any other capacity, in any forum, whether or not such Class Members execute and deliver a Proof of Claim and Release form to the Settlement Administrator or seek or obtain by any other means any disbursement from the Net Settlement Fund.

15.     Upon the Effective Date, to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

16. Upon the Effective Date, Defendants and anyone claiming through or on behalf of any of them, shall hereby be deemed to have released, and by operation of this Judgment shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against, Lead Plaintiff, any Class Member and/or Co-Lead Counsel related to this Action or the prosecution thereof.

17. The Court finds and concludes that throughout this Action Lead Plaintiff, Co-Lead Counsel, Defendants, and Defendants' Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that Lead Plaintiff and Co-Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

18. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Co-Lead Counsel attorneys' fees of $1,000,000, plus reimbursement of their expenses in the amount of $95,393.68, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. The foregoing amounts shall be paid from the Settlement Fund pursuant to the terms of the Stipulation, and the Released Parties shall have no liability or responsibility for this payment. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery under the settlement, and public policy.

19. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Lead Plaintiff a reimbursement award pursuant to §78u-4(a)(4) of the PSLRA in the amount of $5,000. The foregoing amount shall be paid from the Settlement Fund pursuant

to the terms of the Stipulation, and the Released Parties shall have no liability or responsibility for this payment. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them:

    a.   is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence, or fault of Defendants, the Released Parties, or each or any of them;

    b.   is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

    c.   is or may be deemed to be or shall be used, offered, or received against the Parties, Defendants, or the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Lead Plaintiff or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

    d.   is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Co-Lead Counsel or Class Members' claims are with or without

7

merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

20.     The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

21.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

22.     Without affecting the finality of this Order and Final Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement, the Stipulation and this Order and Final Judgment, including any application for expenses incurred in connection with administering and distributing the Settlement proceeds to members of the Settlement Class.

23.     The Court finds under Federal Rule of Civil Procedure 54(b) that there is no just reason to delay the entry of this Judgment, and the Clerk is expressly directed to enter Judgment.

24.     The Court's rulings on the Plan of Allocation, Co-Lead Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, and Lead Plaintiff's application for a reimbursement award, shall not disturb or affect this Order or the finality of this Order. More specifically, neither appellate review nor modification of the Plan of Allocation, nor any action in regard to the award to Co-Lead Counsel of attorneys' fees and expenses and to Lead Plaintiff of a reimbursement award, shall affect the finality of any other portion of this Order and Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order and Final Judgment.

25.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against any Party or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to October 21, 2020, pursuant to the terms of the Stipulation.

**SO ORDERED.**

Dated: _____May 14, 2021_____

_____
Victor Marrero
U.S.D.J.

9

# Tab 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK MIKHLIN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>OASMIA PHARMACEUTICAL AB, JULIAN ALEKSOV, MIKAEL ASP, ANDERS LUNDIN, FREDRIK GYNNERSTEDT, and ANDERS BLOM,<br><br>       Defendants. | No.  1:19-cv-04349-NGG-RER<br><br>CLASS ACTION |

**ORDER AWARDING LEAD COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AN INCENTIVE AWARD FOR LEAD PLAINTIFFS**

- 1 -

This matter having come before the Court on the application of Lead Counsel for an award of attorneys' fees, expenses, and incentive award incurred in the above-captioned action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated May 29, 2020 (the "Settlement Stipulation") (the "Settlement Stipulation"), and filed with the Court.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Lead Counsel attorneys' fees of one third of the Settlement Fund, or $783,333, plus expenses in the amount of $40,727.96. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class. The Court additionally finds that these costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given its complex nature and nationwide scope. The Court further finds that the quick-pay provision of the Settlement Stipulation – which provides for payment of attorneys' fees after final approval rather than after such final approval itself becomes final - is approved.

- 2 -

4.      Finally, the Court approves an incentive award of $6,000 each to Lead Plaintiffs ($18,000 in total).  These incentive awards are reasonable and justified given:  the time and effort expended and the work performed and the active participation in the litigation and settlement processes by the class representative on behalf of the members of the settlement class; the time the class representative spent away from family, friends, relationships, and work and other responsibilities while working on this matter on behalf of the settlement class; the benefit to settlement class members of Lead Plaintiffs' actions on their behalf; and the length of this case.

5.      The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel subject to the terms, conditions and obligations of the Settlement Stipulation, which terms, conditions and obligations are incorporated.

IT IS SO ORDERED.

DATED: May 21, 2021                     /s/ Hon. Nicholas G. Garaufis
                                        HON. NICHOLAS G. GARAUFIS
                                        UNITED STATES DISTRICT JUDGE

TAB 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 22 2019 ★

BROOKLYN OFFICE

EDMUND MURPHY III, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

JBS S.A.,

Defendant.

Case No.: 1:17-cv-03084-ILG-RER

Hon. Judge I. Leo Glasser

Hon. Magistrate Judge Ramon E. Reyes, Jr.

## ORDER APPROVING CLASS-ACTION SETTLEMENT

WHEREAS, Lead Plaintiff GWI Enterprise Ltd., on behalf of itself and the Class (as defined below), and defendant JBS S.A. have entered into a Stipulation of Settlement to settle the claims made in this Action; and

WHEREAS, Lead Plaintiff and Defendant have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order granting final approval of the proposed settlement in accordance with the Stipulation of Settlement (including its exhibits) (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement (the "Settlement"); and

WHEREAS, on March 8, 2019 the Court entered an Order preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement purposes, directing notice to be sent and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to approve the proposed Settlement, the proposed Plan of

Case 1:12-cv-06770-EK-MMH   Document 64-4   Filed 01/13/22   Page 19 of 34 PageID #: 1224
Case 1:17-cv-05084-EC-RER   Document 37-4   Filed 07/22/19   Page 2 out 7 PageID #:
#: 2742

Allocation, Class Counsel's Attorneys' Fees and Expenses Award Application, and the Lead

Plaintiff's Incentive Award Application; and

WHEREAS the Court held the Fairness Hearing on July 18, 2019 to determine, among

other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable

and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified

for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the

Preliminary Approval Order and constituted due and adequate notice to the Class in accordance

with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including

the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to

approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing

the Action on the merits and with prejudice as to Defendant and against all Class Members, and

releasing all the Released Releasees' Claims and Released Class Claims as provided in the

Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar orders as

provided in the Settlement Agreement; (*vii*) whether and in what amount to award Attorneys' Fees

and Expenses to Class Counsel; and (*viii*) whether and in what amount to award an Incentive

Award to Lead Plaintiff; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing;

NOW, THEREFORE, based on the written submissions received before the Fairness

Hearing, the arguments at the Fairness Hearing, the other materials of record in this action, and

the Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED, AND

DECREED as follows:

1.     ***Incorporation of Settlement Documents*** – This Order incorporates and makes a

part hereof the Settlement Agreement dated as of December 19, 2018, including its defined terms.

To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.[1]

2. ***Jurisdiction*** – The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3. ***Final Class Certification*** – The Court grants certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The Class is defined to consist of all persons and entities (including legal beneficiaries or participants in any entities) who purchased or otherwise acquired ADRs issued for JBS shares between June 1, 2013 and July 5, 2017, inclusive. Excluded from the Class are:

    a.    such persons or entities who submit valid and timely requests for exclusion from the Class;

    b.    such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees and released all of the Releasees arising out of or related to the Released Class Claims; and

    c.    JBS and all of its (*i*) current and former officers, directors and employees (including Wesley Mendonça Batista and Joesley Mendonça Batista), (*ii*) parents (including J&F Investimentos S.A.), Affiliates, subsidiaries, successors and predecessors, (*iii*) any entity in which JBS or any of its current and former officers, directors or employees (including Wesley Mendonça Batista and Joesley Mendonça Batista) has, or had during the Class Period, a Controlling Interest

---

[1]    Select definitions from the Settlement Agreement are set out in the Appendix to this Order.

and (*iv*) for the individuals identified in (*i*), (*ii*) and/or (*iii*), their Family Members, legal representatives, heirs, successors or assigns.

4.      This certification of the Class is made for the sole purpose of consummating the settlement of the Action in accordance with the Settlement Agreement.  If the Court's approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Lead Plaintiff or anyone else to seek class certification in this or any other matter.

5.      For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) have been satisfied, in that:

a.      The Class is ascertainable from business records and/or from objective criteria;

b.      The Class is so numerous that joinder of all members would be impractical;

c.      One or more questions of fact and law are common to all Class Members;

d.      Lead Plaintiff's claims are typical of those of the other members of the Class;

e.      Lead Plaintiff has been and is capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiff's interests have been and are consistent with those of the other Class Members, (*ii*) Class Counsel has been and is able and qualified to represent the Class, and (*iii*) Lead Plaintiff and Class Counsel have fairly and

4

adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.      For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the Class Members' interests in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

6.      ***Final Certification of Lead Plaintiff and Appointment of Class Counsel Solely for Settlement Purposes*** – Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Lead Plaintiff as class representative and (*ii*) appointment of Levi & Korsinsky LLP as class counsel pursuant to Fed. R. Civ. P. 23(g).

7.      ***Notice*** – The Court finds that the distribution of the Individual Notice (including the Claim Form), the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order.  The Court further finds that the Individual Notice (including the Claim Form), the Summary Notice, and the notice methodology (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at

the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any State and/or federal authorities entitled to receive notice under the Class Action Fairness Act) and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

8.     ***Final Settlement Approval*** – The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel – under the auspices of a retired Judge for the United States District Court for the District of New Jersey serving as mediator – and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Class Member and treat Class Members equitably relative to each other. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA and the Rules of the Court, and in the best interests of the Class Members.

9.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among Class Members.

10.     In making these findings, and in concluding that the relief provided to the Class is fair, reasonable and adequate, the Court considered, among other factors, (*i*) the complexity, expense and likely duration of the litigation if it were to continue, including the costs, risks and delay of trial and appeal; (*ii*) the reaction of the potential Class Members to the settlement, including the number of exclusion requests and the number of objections, (*iii*) the stage of the

proceedings and the amount of discovery and other materials available to Class Counsel, including the Confirmatory Discovery provided to Class Counsel; (*iv*) the risks of establishing liability and damages, including the nature of the claims asserted and the strength of Lead Plaintiff's claims and Defendant's defenses as to liability and damages; (*v*) Lead Plaintiff's risks of obtaining certification of a litigations class and of maintaining certification through trial; (*vi*) the ability of the Defendant to withstand a greater judgment; (*vii*) the range of reasonableness of the settlement fund in light of the best possible recovery; (*viii*) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Class Members' claims for relief from the Settlement fund and distributing such relief to eligible Class Members ; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment, (*xii*) the terms of the Supplemental Agreement, (*xiii*) the involvement of a respected and experienced mediator (retired United States District Judge Faith Hochberg of the United States District Court for the District of New Jersey); (*xiv*) the experience and views of the Settling Parties' counsel; (*xv*) the submissions and arguments made throughout the proceedings by the Settling Parties; and (*xvi*) the submissions and arguments made at and in connection with the Fairness Hearing.

11.     The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.  The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

12.     ***Releases*** – Pursuant to this Approval Order and the Judgment, without further action by anyone, and subject to Paragraph 15 below, on and after the Final Settlement Date, Lead Plaintiff and all other Class Members (whether or not a Claim Form has been executed and/or

7

delivered by or on behalf of any such Class Member), on behalf of themselves and the other Releasors, for good and sufficient consideration, the receipt and adequacy of which ae hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally and forever released relinquished, settled and discharged:

      a.      all Released Class Claims against each and every one of the Releasees;

      b.      all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

      c.      all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Lead Plaintiff or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

13.      Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, each and every Releasee, including Defendant's Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally and forever released, relinquished, settled and

8

Case 1:19-cv-06770-EK-MMH   Document 64-4   Filed 01/13/22   Page 26 of 34 PageID
Case 1:17-cv-03084-EG-RER   Document 37   Filed 07/22/19   Page 9 out 7 PageID #: 1231
#: 2749

discharged each and all Releasors, including Class Counsel, from any and all Released Releasees'

Claims, except to the extent otherwise specified in the Settlement Agreement.

14.     Pursuant to this Order and the Judgment, without further action by anyone, and

subject to paragraph 15 below, on and after the Final Settlement Date, Class Counsel and any other

counsel representing Lead Plaintiff or any other Class Member in connection with or related in

any manner to the Action, on behalf of themselves, their heirs, executors, administrators,

predecessors, successors, Affiliates, assigns, and any person or entity claiming by, through or on

behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which

are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and

the Judgment shall have, fully, finally and forever released, relinquished, settled and discharged

Defendant, Defendant's Counsel and all other Releasees from any and all Claims that relate in any

way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral

or written statements or representations in connection with, or directly or indirectly relating to, (*i*)

the prosecution, defense or settlement of the Action, (*ii*) this Settlement Agreement or its

implementation or (*iii*) the Settlement terms and their implementation.

15.     Notwithstanding paragraphs 12 through 14, nothing in this Order or in the Judgment

shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the

Settlement Agreement, this Order or the Judgment or affect any rights relating to or arising out of

the purchase or sale of any JBS securities other than the Relevant Securities.

16.     ***Permanent Injunction*** – The Court orders as follows:

a.     Lead Plaintiff and all other Class Members (and their attorneys,

accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates,

representatives, and assigns) who have not validly and timely requested exclusion from the Class

9

– and anyone else (including any governmental entity) purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefit or other relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, alleging one or more Released Class Claims against one or more Releasee;

b. All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit alleges one or more Released Class Claims; and

c. All Releasees, and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

17. Notwithstanding paragraph 16, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order or the Judgment.

18. *Contribution Bar Order* – In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Class Claim (*i*) by any person or entity

10

against any of the Releasees and (*ii*) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any Final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasees are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to Defendant's percentage of responsibility for the loss to the Class or Class Member or (*ii*) either (*x*) the Settlement Amount, in the case of the Class, or (*y*) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

19. ***Complete Bar Order*** – To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a. Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of

11

Case 1:19-cv-06370-EK-MMH Document 64-1 Filed 01/13/22 Page 29 of 34 PageID
#: 2752
Case 1:17-cv-05084-LGS-RER Document 57-1 Filed 07/22/19 Page 12 of 17 PageID #:1234

the Releasees (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Class Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided however,* that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Class Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member and (*ii*) either (*y*) the Settlement Amount, in the case of the Class, or (*z*) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

        b.     Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee

12

seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

c.　　Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Class Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 19.a or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*a*) such petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s).

d.　　If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Class Claim.

13

e.      Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Releasee of (*x*) any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Action, (*y*) any contractual right to indemnification or advancement as against any other Releasee, or (*z*) any contractual right as against any other Releasee.

20.      *No Admissions* – This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability, or by any of the Releasors of any infirmity in the Claims. This Order, the Judgment and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Class Claims. In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements or court proceedings shall not be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties, the other Releasees and the other Releasors in the Action, any other action, or any judicial, administrative, regulatory or other proceeding or (*ii*) of any liability or wrongdoing whatsoever on the part of any person or entity, including

14

Defendant, or as a waiver by Defendant of any applicable defense, or (*iii*) by Lead Plaintiff or the Class of the infirmities of any claims, causes of action, or remedies.

21.     Notwithstanding anything in paragraph 20, this Order, the Judgment and/or the Settlement Agreement may be filed in any action against or by any Releasee to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

22.     ***Attorneys' Fees and Expenses Award*** – Class Counsel is hereby awarded Attorneys' Fees in the amount of $1,966,666.67 and Expenses in the amount of $44,459.14. This amount shall be paid out of the Settlement Amount (as that term is defined in the Settlement Agreement) pursuant to the terms set out in Section X of the Settlement Agreement. The Court finds that the Attorneys' Fees Award and Expenses Award is fair, reasonable and appropriate.

23.     ***Incentive Award*** – The Court finds that the requested Incentive Award of $25,000 to the Lead Plaintiff is reasonable in the circumstances. This amount shall be paid out of the Settlement Expense Amount (as that term is defined in the Settlement Agreement) pursuant to the terms set out in the Settlement Agreement or, if the Settlement Expense Amount is unavailable, out of the Settlement Amount.

24.     ***Modification of Settlement Agreement*** – Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement (including its exhibits) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement.

Case 1:19-cv-06370-EK-MMH  Document 64-4  Filed 01/13/22  Page 33 of 34 PageID
Case 1:17-cv-03084-LGS-RER  Document 57  Filed 07/22/19  Page 16 of 17 PageID #:91238
#: 2756

25.     ***Dismissal of Action*** – The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

26.     ***Retention of Jurisdiction*** – Without in any way affecting the finality of this Order and the Judgment, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, the Court expressly retains continuing and exclusive jurisdiction over the Settling Parties, the Class Members and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, implementation or enforcement of the Settlement Agreement of this Order and the Judgment, and for any other reasonably necessary purpose, including:

a.     enforcing the terms and conditions of the Settlement Agreement, this Order and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar Order, and the permanent injunction);

b.     resolving any disputes, claims or causes of action that, in whole or part, are related to or arise out of the Settlement Agreement, this Order or the Judgment (including whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to the Released Class Claims are or are not barred by this Order and the Judgment or the Release);

c.     entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

d.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

Case 1:19-cv-06370-EK-MMH Document 64-4 Filed 01/13/22 Page 34 of 34 PageID
Case 1:17-cv-09084-ILG-RER Document 57 Filed 07/22/19 Page 17 of 17 PageID #:9239
#: 2757

27. ***Rule 11 Findings*** – The Court finds that all of the complaints filed in the Action were filed on a good faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

28. ***Termination*** – If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including pursuant to Section XIV), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement.

29. ***Findings of Fact and Conclusions of Law*** – In support of this Order, the Settling Parties have prepared proposed findings of fact and conclusions of law, which the Court hereby enters contemporaneously with this Order.

30. ***Entry of Judgment*** – There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

So ordered this 18th day of July, 2019.

/s/(ILG)

The Honorable I. Leo Glasser
United States District Judge