**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE STELLANTIS N.V. SECURITIES LITIGATION | : : : : : : : : | 19-CV-6770 (EK) (MMH)<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**(I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT, PLAN OF ALLOCATION AND CERTIFICATION OF SETTLEMENT**
**CLASS AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'**
**FEES AND EXPENSES AND REIMBURSEMENT AWARD TO LEAD PLAINTIFF**

00674573;V4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burns v. FalconStor Software, Inc.*,
No. 10 CV 4572 (ERK), 2014 WL 12917621 (E.D.N.Y. Apr. 11, 2014) ................................. 3

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008) ...................................................................................... 7

*Guevoura Fund Ltd. v. Sillerman*,
No. 1:15-CV-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ............................. 3, 4

*In re Facebook, Inc.*,
822 F. App'x 40 (2d Cir. 2000) ............................................................................... 6

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018), *aff'd sub nom.*
*In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2000)......................................................... 5, 6, 7

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
233 F.R.D. 306 (E.D.N.Y. 2006) .............................................................................. 3

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
No. 04 CIV. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009)................................ 5, 7

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
986 F. Supp. 2d 207 (E.D.N.Y. 2013), *rev'd and vacated on other grounds*,
827 F.3d 223 (2d Cir. 2016) ...................................................................................... 4

*In re PPDAI Grp. Inc. Sec. Litig.*,
No. 18-CV-6716 (TAM), 2022 WL 198491 (E.D.N.Y. Jan. 21, 2022) ................................. 3

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
164 F.R.D. 362, 368 (S.D.N.Y.), *aff'd*, 107 F.3d 3 (2d Cir. 1996)............................................ 5

*In re Signet Jewelers Ltd. Sec. Litig.*,
No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020)....................... 3, 4

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985)................................................................................................ 5

*Wal-Mart, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005) ...................................................................................... 3

Lead Plaintiff Nicholas S. Panitza ("Lead Plaintiff") respectfully submits this reply in further support of his motions for (i) final approval of the class action settlement, plan of allocation and class certification; and (ii) an award of attorneys' fees, expenses and award to Lead Plaintiff pursuant to the PSLRA (ECF Nos. 61-64) (together, the "Motions").[1]

## PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $5,000,000. As detailed in the Motions, the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations and represents a very favorable result for the Class in light of the substantial challenges Lead Plaintiff would have faced in proving liability and damages. To date, not a single Class Member has lodged an objection and only one Settlement Class Member has excluded himself from the Settlement.

The extensive notice program further confirms that the Settlement, Plan of Allocation, and requested fee and expense awards have the support of the Settlement Class. Pursuant to the Preliminary Approval Order (ECF No. 60), the Claims Administrator, JND Legal Administration ("JND"), has mailed 265,747 Postcard Notices to potential Settlement Class Members or their nominees. *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion Requests Received to Date at ¶ 2, filed herewith as Exhibit A ("Supp. Mailing Decl."). Additionally, the Summary Notice was published in *Investor's Business Daily* and *PR Newswire*. ECF No. 64-1, Ex. 1 at ¶ 13. The Court-ordered deadline for Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, and award to Lead Plaintiff, or to request exclusion from the Settlement Class, was January 27, 2022. *See* Preliminary Approval Order at ECF No. 60 at ¶¶ 13, 16 and Notice at

---

[1] Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 14, 2021 (the "Stipulation") (ECF No. 50).

ECF No. 64-1, Ex. 1 (at Ex. A).

Thus, the reaction of the Settlement Class strongly supports approval of the Settlement, the requested attorneys' fees and expenses, and the reimbursement award to Lead Plaintiff, and Lead Plaintiff respectfully requests that the Court enter the [Proposed] Order and Final Judgment, submitted herewith.[2]

## ARGUMENT

### I. THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL

Pursuant to the Preliminary Approval Order, the Claims Administrator mailed 265,747 Postcard Notices to all potential Settlement Class Members identified by Defendants and their nominees (the "Notice"). *See* Supp. Mailing Decl., at ¶ 2. The Notice informed Settlement Class Members of the terms of the proposed Settlement and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund and litigation expenses not to exceed $100,000. The Notice also apprised Settlement Class Members of their right to seek exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, and the January 27, 2022 deadline for doing so.

In addition, copies of the Internet Notice, Claim Form, Stipulation, and Preliminary Approval Order were posted on the website specifically created for this Settlement (www.panitzafiatchryslerseclitigation.com). *See* ECF No. 64-1, Ex. 1 at ¶ 15. On November 29,

---

[2] Attached as Exhibit B is a [Revised Proposed] Order and Final Judgment Approving the Settlement that includes all relevant dates, the request for exclusion and Exhibit 1 (as referenced in ¶ 3), clarifies that no Class Member has objected to the Settlement, and adds the dollar amounts with respect to Lead Counsel's fee and expense request and Lead Plaintiff's reimbursement request. Other than these additions, and other formatting corrections, the Revised Proposed Order is otherwise identical to the proposed order previously submitted as ECF No. 57-9.

2021, the Claims Administrator published the Summary Notice in *Investor's Business Daily* and released it over the Internet via *PR Newswire* (*id*. at ¶ 13), informing readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

After providing notice to hundreds of thousands of potential Settlement Class Members, no Settlement Class Member objected and only one Settlement Class Member has requested exclusion. This reaction is a significant factor in assessing the Settlement's fairness and adequacy. The "[l]ack of objection[s] is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *see also In re PPDAI Grp. Inc. Sec. Litig.*, No. 18-CV-6716 (TAM), 2022 WL 198491, at *10 (E.D.N.Y. Jan. 21, 2022) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (quoting *Wal-Mart, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005)); *Burns v. FalconStor Software, Inc.*, No. 10 CV 4572 (ERK), 2014 WL 12917621, at *5 (E.D.N.Y. Apr. 11, 2014) (final approval was supported by the fact that none of the class members, which included sophisticated institutional investors, objected to the settlement). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart*, 396 F.3d at 119.

The absence of any objections also supports awarding the requested attorneys' fees and expenses. *See, e.g.*, *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019) ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses

supports a finding that the request is fair and reasonable.").

Similarly, the lack of exclusions reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval of the Settlement. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs [requests for exclusion] and absence of objections from class members"), *rev'd and vacated on other grounds*, 827 F.3d 223 (2d Cir. 2016). Here, only one Settlement Class Member has requested to be excluded from the Settlement Class.[3] *See* Supp. Mailing Decl. at ¶ 7, Ex. A-1. Accordingly, the low number of exclusions further supports final approval of the Settlement. *See In re Signet*, 2020 WL 4196468 at *6 ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *Guevoura Fund*, 2019 WL 6889901, at *7 ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement.").

---

[3] Two other requests for exclusion were received that have no bearing on the fairness of the Settlement because the shareholders are not part of the Settlement Class. Specifically, foreign investment fund Malta Pension Investments requested to be excluded but did not purchase FCA shares on a U.S. Exchange or in a transaction in the U.S. during the Class Period and thus, is not a Settlement Class Member. *See* Supp. Mailing Decl. at ¶ 7.  In addition, individual shareholder Jennifer Berthold requested to be excluded but, despite Lead Counsel's efforts, has not provided *any* information as to whether she purchased FCA stock during the Class Period. *See* Supplemental Declaration of Stephanie M. Beige in Further Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Plan of Allocation and Certification of Settlement Class and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Reimbursement Award to Lead Plaintiff at ¶¶ 5, 6; *see also In re Signet*, 2020 WL 4196468 at *6 (where exclusion requests "do not provide any information on the requestors' transactions in Signet common stock […] it is not possible to determine if those individuals are members of the Class").

## II. THE NOTICE PLAN SATISFIED RULE 23 AND DUE PROCESS

Pursuant to the Court-approved Notice Plan, beginning on November 15, 2021, JND began mailing copies of the Notice to potential Settlement Class Members who could be identified and to over 4,000 nominees.[4] *See* ECF No. 64-1, Ex. 1 at ¶¶ 3, 5. In addition, the Internet Notice, Claim Form, the Stipulation of Settlement, and Preliminary Order were made available to potential Settlement Class Members on the Settlement website and a Summary Notice of the Settlement was published in *Investor's Business Daily* and released over *PR Newswire*. *Id.* at ¶¶ 13, 15. Further, JND sent reminder postcards to nominees who did not respond to the initial Notice and contacted the largest nominees via telephone. *Id.* ¶¶ 9-10.

The Court-approved Notice Plan satisfied due process and Rule 23 by providing Settlement Class Members with the best notice practicable to advise them of the Settlement and their rights with respect to the Settlement. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (due process and Rule 23 requires that notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). These standards do not require that actual notice be received by all class members. *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y.), *aff'd*, 107 F.3d 3 (2d Cir. 1996) ("[F]or the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected."); *see also*, *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 CIV. 8144 (CM), 2009 WL 5178546, at *23-24 (S.D.N.Y. Dec. 23, 2009); *In re Facebook, Inc.,*

---

[4] As is typical in securities class actions, most beneficial owners of FCA common stock during the Class Period were not record owners of the stock. Instead, their shares were held in "street name" through nominee owners (brokers, banks, or similar institutions) and Lead Counsel and the Claims Administrator depended on these nominees to identify potential class members, through standard procedures set forth in the Preliminary Approval Order. *See* ECF 64-1, Ex. 1 at ¶¶ 5, 7-8.

*IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394 (S.D.N.Y. 2018) ("The relevant question is not whether some individual shareholders got adequate notice, but rather whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised.") (internal citation and quotation marks omitted), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2000).

Further, Postcard Notice was not the only manner in which notice of the Settlement and its related deadlines was disseminated. As noted, JND published the Summary Notice in *Investor's Business Daily*, issued it over the internet via *PR Newswire*, and posted all relevant Settlement documents on the Settlement website. ECF No. 64-1, Ex. 1 at ¶¶ 13, 15. Thus, potential Settlement Class Members had alternative means of learning of the Settlement. *See In re Facebook*, 343 F. Supp. 3d at 411("[w]hile it is less than ideal for certain investors not to have received Notice Packets prior to relevant deadlines, alternate notice was provided in widely distributed publications, such as *Investor's Business Daily*, at least one national newswire, and on the internet. This, along with actual notice that was reasonably calculated to achieve the widest possible class-wide distribution, is satisfactory"). [5]

Accordingly, the notice procedures employed by Lead Counsel and the Claims Administrator are consistent with notice procedures routinely approved in securities class actions

---

[5] We note that on February 2, 2022, Apex Clearing ("Apex"), a nominee/clearing house, belatedly provided JND with 57,107 names of potential Settlement Class Members for JND to mail Postcard Notice. *See* Supp. Mailing Decl. at ¶4. Apex had previously been sent a reminder postcard from JND and was called by JND on December 20, 2021. *Id*. at ¶ 3, n.2.  JND immediately began efforts to mail Notice to the additional potential Settlement Class Members. *Id*. at ¶ 4. While Apex did not timely request Postcard Notice, all Settlement Class Members were provided with Summary Notice as described above. Further, although the deadlines for objections and exclusions have passed, JND updated the Settlement website to notify these potential Settlement Class Members that they can file claims after the February 13, 2022 claim submission deadline and that such claims will be recommended to the Court for approval. Supp. Mailing Decl. at ¶ 4.

and adequately apprised the Settlement Class of the Settlement and the Class Members' rights with respect to the Settlement. *See In re Facebook*, 343 F. Supp. 3d at 411 (where 138,000 potential class members holding their securities through a nominee were not provided notice before the objection deadline, the court held that "[b]y sending notice to all persons who could be identified by reasonable efforts–and requesting Nominees provide the names of those that could not– Plaintiffs met the requirements of Rules 23(c), 23(e), and due process."); *see also In re Marsh*, 2009 WL 5178546, at *23-24 ("[t]hat certain objectors' brokers failed to comply with the Preliminary Approval Order and forward their clients the necessary paperwork in a timely fashion is no fault of Lead Counsel . . . 'notice provided to the class members' nominees—i.e., the brokerage houses—has been deemed sufficient even if brokerage houses failed to timely forward the notice to the beneficial owners'") (quoting *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008)).

The Court-approved Notice Plan employed by Lead Counsel and JND adequately notified potential Settlement Class Members of the Settlement and satisfied Rule 23 and due process. The overwhelmingly positive response to the Settlement from the Settlement Class, as shown by the absence of any objections and only one exclusion, supports final approval of the Settlement and the requested attorneys' fees and expenses.

## CONCLUSION

For the reasons stated herein, and in the Motions, Lead Plaintiff respectfully requests that the Court enter the [Proposed] Order and Final Judgment submitted herewith.

DATED: February 10, 2022          Respectfully submitted,

**BERNSTEIN LIEBHARD LLP**

By: /s/ Stephanie M. Beige

Stanley D. Bernstein

Stephanie M. Beige
Peter J. Harrington
10 East 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
beige@bernlieb.com
pharrington@bernlieb.com

*Lead Counsel for Lead Plaintiff and the
Settlement Class*

00674573;V4

8

## CERTIFICATE OF SERVICE

I hereby certify that the Reply Memorandum of Law in Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Plan of Allocation and Certification of Settlement Class and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Reimbursement Award to Lead Plaintiff was filed with CM/ECF system on February 10, 2022 and was thereby served upon all parties and counsel registered therein.

/s/ Stephanie M. Beige
Stephanie M. Beige

00674573;V4