**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| IN RE STELLANTIS N.V. <br> SECURITIES LITIGATION | :    19-CV-6770 (EK) (MMH) <br> : <br> : <br> : <br> : <br> : |

## <u>ORDER AND FINAL JUDGMENT APPROVING</u> <u>SETTLEMENT</u>

WHEREAS, a putative securities class action is currently pending before this Court styled *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-6770-EK-MMH (the "Action");

WHEREAS, Lead Plaintiff Nicholas S. Panitza ("Lead Plaintiff"), on behalf of himself and the other members of the Settlement Class, and Defendants Stellantis N.V. f/k/a Fiat Chrysler Automobiles N.V. ("FCA"), Roland Iseli and Alessandro Baldi, as Co-Executors for the Estate of Sergio Marchionne, Michael Manley, and Richard K. Palmer (collectively, "Defendants" and, together with Lead Plaintiff, on behalf of himself and the other members of the Settlement Class, the "Parties") have entered into the Stipulation and Agreement of Settlement, dated May 14, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated October 15, 2021 (the "Preliminary Approval Order"), the Court: (i) preliminarily approved the Settlement; (ii) for the purposes of the Settlement, certified the Action as a class action, certified Lead Plaintiff as Class Representative for the Settlement Class, and appointed Lead Counsel as Class Counsel for the Settlement Class; (iii) directed that notice of the proposed Settlement be provided to Settlement Class Members; (iv) provided

00676732;V1

Settlement Class Members with the opportunity either to exclude themselves from or to object to the Settlement; and (v) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on February 17, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on May 14, 2021; and (ii) the Postcard Notice, the Internet Notice and the Summary Notice, all of which were filed with the Court on May 14, 2021 and August 5, 2021 (revised).

3.    **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class (the "Settlement Class") consisting of the putative class of all persons or entities who or which purchased or otherwise

acquired, on a U.S. Exchange or in a transaction in the United States, FCA and/or STLA common stock between February 26, 2016 and January 27, 2021, both dates inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of the Company and members of their immediate families; (iii) the legal representatives, heirs, successors or assigns of such excluded Person or entity; and (iv) any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons listed on Exhibit 1 hereto, who are found by the Court to have timely and validly requested exclusion from the Settlement.

4.    **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and

implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Internet Notice, and the publication of the Summary Notice:  (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the pendency of the Action; (b) the effect of the proposed Settlement (including the Releases to be provided thereunder); (c) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (d) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead  Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (e) their right to exclude themselves from the Settlement; and (f) their right to appear at the Settlement Fairness Hearing; (iv) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive notice.

7.      **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8.    **<u>Objections</u>** – The Court finds that a full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

9.    **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a.    Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class;

b.    the Settlement was negotiated by the Parties at arm's length;

c.    the relief provided for the Settlement Class is adequate, having taken into account:

(1)    the costs, risks and delay of motion practice, trial and appeal;

(2)    the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

(3)    the terms of any proposed award of attorney's fees, including timing of payment; and

d.    the Settlement treats members of the Settlement Class equitably relative to each other.

00676732;V1                                      -5-

10.   Accordingly, the Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

11.   The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

12.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

13.   **Releases and Bars** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a.   Without further action by anyone, and subject to paragraph 14 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be

barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in the Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

b. Without further action by anyone, and subject to paragraph 14 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in the Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

14. Notwithstanding paragraphs 13(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

00676732;V1                                      -7-

16.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (i) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (ii) the disposition of the Settlement Fund; (iii) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (iv) any motion to approve the Distribution Order; and (v) the Settlement Class Members for all matters relating to the Action.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18.     **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

19.     **Attorneys' Fees and Litigation Expenses** – Lead Plaintiff's Counsel is awarded attorneys' fees in the amount of $ 1,665,000          , and expenses in the amount of $ 85,318.18          .   Lead Plaintiff is awarded $ 3,437.50          in costs related to his representation of the Class. The foregoing amounts shall be paid out of the Settlement Fund within five days of entry of this Order.  In the event that this Judgment does not become Final and any

00676732;V1                                          -8-

portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and Lead Plaintiff shall, within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, refund the Settlement Fund the fee and expense award paid to Lead Plaintiff's Counsel and the cost award paid to Lead Plaintiff, respectively.

20.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, Settlement Class Members and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation.  Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund, including interest accrued therein less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing, shall be returned to FCA (or such other persons or entities as FCA may direct) in accordance with the Stipulation.

21.   **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __23__ day of __February__, 2022.

/s/Eric Komitee
_____
ERIC R. KOMITEE
U.S. DISTRICT JUDGE

<u>**EXHIBIT 1**</u>

**Persons Excluded From the Settlement Class**

Joshua A. Mowbray

00674607;V1