**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| IN RE STELLANTIS N.V. | : | 19-CV-6770 (EK) (VMS) |
| SECURITIES LITIGATION | : | |
| | : | |
| | : | |
| | : | |

**[PROPOSED] ORDER GRANTING LEAD**
**COUNSEL'S UNOPPOSED MOTION FOR DISTRIBUTION**
**OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMAINTS**

**WHEREAS:**

A.      On February 23, 2022, the Court entered the Order and Final Judgment Approving Class Action Settlement (ECF No. 70), which, *inter alia*, approved the Settlement, the terms of which were set forth in the Stipulation of Settlement, dated May 14, 2021 (the "Stipulation") (ECF No. 50), and Plan of Allocation of settlement proceeds.[1]

B.      The Court retained jurisdiction over the action for the purpose of: (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund; (b) the disposition of the Net Settlement Fund; and (c) construing, enforcing, and administering the Stipulation.

C.      As set forth in the Notice, the deadline for Class members to submit a Proof of Claim and Release Form ("Claim Form") to participate in the distribution of the Net Settlement Fund was February 13, 2022.

D.      As set forth in the Declaration of Luiggy Segura of JND Legal Administration ("JND" or the "Claims Administrator") in Support of Lead Counsel's Unopposed Motion for

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.
00720680;V1

Distribution of the Net Settlement Fund to Authorized Claimants (the "Segura Declaration"), Claims Administrator has completed the process of reviewing all 76,686 submitted Claims in the above action.

E.     All Claimants who submitted deficient Claims were, upon review in accordance with the procedure approved by the Court, notified of such deficiency, and given an opportunity to contest and/or cure the deficiency.  Requests for Court review remain outstanding for ten (10) Claims whose Claimants continue to contest the determination by the Claims Administrator and Lead Counsel that their respective Claim was improper and incurable (the "Disputed Claims"). Of these ten (10) claims, one (1) is being recommended for approval (Claim # DAWYZX4G3J) (the "Cured Disputed Claim") and nine are being recommended for rejection (the "Deficient Disputed Claims").[2]

F.     In accordance with the recommendations of the Claims Administrator, Lead Counsel seeks authorization to distribute the Net Settlement Fund to all Authorized Claimants entitled to receive such funds.

**NOW, THEREFORE**, upon review of Lead Counsel's Unopposed Motion for Disbursement of the Net Settlement Fund to Authorized Claimants, the Segura Declaration, and all other exhibits and papers submitted in support thereof, and for good cause for the relief requested, it is hereby

**ORDERED**, as follows:

1.     Lead Counsel's Unopposed Motion for Distribution of the Net Settlement Fund to Authorized Claimants is GRANTED.

---

[2]  The Deficient Disputed Claims are PHTA52RCKN, PRG8PHZ2X9, P48ZJS9MQD, PDY86XARTF, PRGJY83L2M, PHXVW9C5QD, PNL9H6ES2T, PTAKZ849NS, and D95ZT-42X7H.

00720680;V1

2.      As set forth in the Segura Declaration, the administrative determinations of the Claims Administrator, JND, in accepting and rejecting Claims are approved.  Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits D and E to the Segura Declaration, which include certain claims submitted after the February 13, 2022 deadline, are approved, and said claims are hereby accepted for payment from the Net Settlement Fund.  Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits F to the Segura Declaration are approved, and said Claims are hereby rejected, disallowed, and shall not be paid.

3.      For the reasons given in Lead Counsel's Memorandum in Support of Unopposed Motion for Disbursement of the Net Settlement Fund to Authorized Claimants, the Cured Disputed Claim is approved, and the Deficient Disputed Claims are rejected.

4.      Any person asserting claims filed after September 16, 2022, the date used to finalize the administration by the Claims Administrator, are finally and forever barred from asserting such claims.

5.      The Court finds that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to Plaintiffs' Counsel and the Claims Administrator) are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

6.      The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits D and E to the

00720680;V1

Segura Declaration.  The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

7.      The distribution plan for the Net Settlement Fund as set forth in the Segura Declaration and accompanying exhibits is approved.  The balance of the Net Settlement Fund shall be distributed to Authorized Claimants.  The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY.  VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE."  Plaintiffs' Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimant who has not cashed their check within said time.  Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Segura Declaration will irrevocably forfeit all recovery from the Settlement.

8.      Pursuant to paragraph 31 of the Stipulation, "If, after all claims have been processed and after the Court has finally approved the Settlement, any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such redistribution. If any funds shall remain in the Net Settlement Fund six months after such redistribution, then such balance shall be contributed to a nonsectarian, not-for-profit charitable organization serving the public interest."

9.      One year after a second distribution of the Net Settlement, if that occurs, or, if there is no second distribution, two years after the initial distribution of the Net Settlement Fund, the

00720680;V1

4

Claims Administrator is hereby authorized to destroy the paper or hard copies of the Claims and all supporting documentation, and one year after all funds have been distributed, it may destroy electronic copies of the same.

10.    The Court authorizes the Claims Administrator's reasonable fees and expenses to be paid in connection with administering this Settlement, as reflected on the invoices attached as Exhibit G to the Segura Declaration.

SO ORDERED this ___ day of _____, 20__

_____
The Honorable Eric R. Komitee
United States District Judge

00720680;V1