**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE STELLANTIS N.V. SECURITIES LITIGATION | : : : : : : | 19-CV-6770 (EK) (MMH) |

**MEMORANDUM IN SUPPORT OF LEAD**
**COUNSEL'S UNOPPOSED MOTION FOR DISTRIBUTION OF**
**THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMAINTS**

00720678;V1

Pursuant to paragraphs 25, 28, 31, and 49 of the Stipulation,[1] which is incorporated in the Order and Final Judgment Approving Class Action Settlement (ECF No. 70) (the "Judgment"), Lead Counsel respectfully seeks entry of an order: (i) approving the Claims Administrator's determinations concerning the acceptance and rejection of the Claims submitted; (ii) directing payment of the Net Settlement Fund to Authorized Claimants with a 90-day period for cashing checks; (iii) approving payment of the administration fees and expenses associated with administrating the Settlement; and (iv) permitting the Claims Administrator to destroy Claim Forms one year after the distribution.[2]

## INTRODUCTION

On February 23, 2022, the Court entered the Judgment and approved the Settlement. The deadline for Settlement Class members to make a Claim from the Net Settlement Fund was February 13, 2022. ECF No. 60 at 7. The Claims Administrator reports that all eligible claims have been received, reviewed, and are ready to be paid.

The Claims Administrator received 74,845 timely claims, 10,377 of which meet the approved criteria for payment. *See* Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Class Distribution Order ("Segura Administration Declaration") ¶ 42. Following the February 13, 2022 deadline, the Claims Administrator processed an additional 1,841 late Claims, 231 of which were valid. *Id*. ¶ 43. Lead Counsel has reviewed the Claims Administrator's findings and agrees that the properly documented Claims should be paid, including the 231 valid late claims received prior to September 16, 2022.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 14, 2021 (the "Stipulation"), previously filed with the Court (ECF No. 50).

[2] Lead Counsel has conferred with counsel for Defendants, who do not oppose this motion.

00720678;V1

The Claims Administrator rejected 66,078 Claims that failed to meet the requirements of the Stipulation. *Id*. ¶ 44.  These Claims were denied after review in accordance with the procedure approved by the Court.  Only ten (10) of the rejected Claimants dispute the rejection of their respective Claim(s). *Id*. ¶¶ 30, 34.[3]  Lead Counsel and the Claims Administrator agree that nine (9) of these Claims should be denied because those Claimants have no recognized loss while one (1) should be approved. *Id*. ¶34.  Of those nine, seven claimants sold before either of the two alleged corrective disclosures and other two sold after the first (November 20, 2019) alleged disclosure and before the second and final corrective disclosure (on January 27, 2021) – but for a gain.  Thus, none of these nine claimants have any recognized loss under the Plan of Allocation.

Now that the claims process is complete, Lead Counsel seeks to set September 16, 2022 as the final bar date for any additional claims.  This bar date is reasonable, as claims made after this date will delay the distribution process and cause additional costs for the Settlement Class.  Also, to facilitate the claims administration, Lead Counsel requests that each Authorized Claimant's check state that it must be cashed within ninety days (90) after the issue date or else it is void.  This deadline will encourage the prompt cashing of checks by Authorized Claimants and will also allow Lead Counsel to determine if a second distribution is feasible in a timely manner.

Lead Counsel has also reviewed the Claims Administrator's invoices and requests and find them to be reasonable as they are within the expected range for a claims administrator's work administering a settlement.

Finally, the Claims Administrator has requested that it be authorized to destroy the paper or hard copies of the Claims, and all supporting documentation, one year after a second distribution

---

[3] Although JND recommends one of the ten disputed claims for payment, as that Claimant has not affirmatively withdrawn the request for Court review, Lead Counsel includes that claim in the number of disputed claims.

00720678;V1

2

of the Net Settlement, if that occurs, or, if there is no second distribution, two years after the initial distribution of the Net Settlement Fund. The Claims Administrator also requests that it be allowed to destroy all electronic copies of same one year after all funds have been distributed. This request is reasonable as it saves the Claims Administrator and the Settlement Class the costs of unnecessary storage.

Accordingly, consistent with the Stipulation and the Judgment, the Net Settlement fund should be distributed to the Settlement Class as proposed in the class distribution order filed with this motion.

## I.     THE CLAIMS SUBMITTED FOR PAYMENT

All notices informed the Settlement Class that February 13, 2022 was the due date for filing Claims. As a result of the notice program (including mailings, press releases, and Settlement website portal), the Claims Administrator received 76,686 Claims in connection with the Settlement. *See* Segura Administration Decl. ¶ 8. 1,841 of those Claims were received after February 13, 2022. *Id.* ¶ 35. The Claims Administrator processed all late Claims received through September 16, 2022 and 231 of those Claims have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims"). *Id.* The Claims Administrator has not rejected any Claim received through September 16, 2022 solely based on its late submission. After consulting with the Claims Administrator, it was determined that the claims made prior to September 16, 2022 would not delay the Settlement administration. Accordingly, Lead Counsel requests that the Court also accept the 231 late, but otherwise eligible claims. Courts regularly allow such late but valid claims. *See*, *e.g.*, *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS)(SMG), 2009 WL 803382, at *6 (E.D.N.Y. Mar. 25, 2009) (allowing late claimants to participate in the settlement "[b]ecause there is no showing of delay or prejudice").

00720678;V1

The Claims Administrator reviewed the 76,686 Claims in accordance with the requirements for payment pursuant to the Plan of Allocation.  Ultimately, the Claims Administrator determined that 10,608 of the Claims (including the 231 Late But Otherwise Eligible Claims) were properly documented, had recognized losses, and otherwise met the requirements of the Internet Notice (the "Authorized Claims"). Segura Administration Decl. ¶¶ 41-43.  The Authorized Claims represent $41,418,525.90 of recognized losses pursuant to the Plan of Allocation.  *Id*. ¶¶ 42-43.

## II.  THE COURT SHOULD APPROVE PAYMENT OF THE AUTHORIZED CLAIMS

The Claims Administrator carefully reviewed, analyzed, and processed the Claims. Authorized Claims required documentation and a recognized loss as calculated under the Plan of Allocation.  The Segura Administration Declaration details the Claims Administrator's review of the Claims and provides backup for the Court's consideration. Lead Counsel agrees that the Authorized Claims should be paid from the Net Settlement as soon as possible.

The Claims Administrator will follow the procedure for payment of Authorized Claims as previously ordered in the Preliminary Approval Order (ECF No. 60) and the Judgment.  In addition, Lead Counsel joins the Claims Administrator in its recommendation that all checks for Authorized Claims bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE" in order to encourage prompt cashing of checks. *See* Segura Administration Decl. ¶ 47(b).  Implementing this process will save administration costs and is necessary in order for Lead Counsel to calculate the amount of cash available for a possible redistribution "six months from the date of distribution." Stipulation ¶ 31.

Accordingly, Lead Counsel respectfully requests that the Court permit the distribution of the Net Settlement Fund to the Authorized Claimants listed in Exhibits D and E of the Segura

00720678;V1

4

Administration Declaration with a requirement that checks be cashed within 90 days after the issue date.

## III.    ALL REJECTED CLAIMS WERE PROPERLY DENIED

After reviewing all 76,686 Claims received for this action, the Claims Administrator rejected 66,078 Claims for the following reasons:

| No. of Claims | Reason for Rejection |
|---|---|
| 25,484 | Claim Did Not Result in a Recognized Claim |
| 30,379 | Claim Did Not Fit Definition of the Class |
| 10,135 | Deficient Claim Never Cured |
| 50 | Duplicate Claim |
| 30 | Withdrawn Claim |

*See* Segura Administration Decl. ¶ 44.

As part of the administration process, the Claims Administrator attempted to contact each Claimant with deficient or ineligible Claims to provide them with opportunities to cure the deficiencies identified in their Claims. *See* Segura Administration Decl. ¶¶ 23-30.  Claimants with deficient claims were advised that they had the right to contest the Claims Administrator's determination of deficiencies or ineligibility and that they could request that their dispute be submitted to the Court for review.  *Id*. ¶ 34.  Initially, the Claims Administrator received requests for Court review for 35 Claims. *Id*. However, as a result of the Claims Administrator's outreach to Disputed Claimants to explain the reasons for the Claims Administrator's determinations, one Claimant resolved the deficiencies for their one claim, withdrew their request for Court review, and is now being recommended for approval, and 24 Claimants understood the reasons for the

Claims Administrator's determinations and withdrew their requests for Court review. *Id.* Accordingly, only 10 Disputed Claims remain.[4]

An analysis of the Disputed Claims shows that each claim was rejected because the Claimants were not injured by the alleged fraud and thus, do not have Recognized Losses under the Plan of Allocation approved by the Court. Specifically, Lead Counsel and the Claims Administrator agree that of the 10 Disputed Claims, nine (9) Claims should be denied because the Claimant has no recognized loss while one (1) should be approved. *Id.* ¶34. Of those nine, seven claimants sold before either of the two alleged corrective disclosures and the other two sold after the first (November 20, 2019) alleged disclosure and before the second and final corrective disclosure (on January 27, 2021) – but for a gain. Thus, none of these nine claimants has any recognized loss under the Plan of Allocation and each was properly rejected. *See* Segura Administration Declaration, Exhibit C.

Accordingly, Lead Counsel respectfully requests that the Court reject the 9 Disputed Claims set forth in Exhibit C to the Segura Administration Declaration and approve the one Claim for the Claimant who cured the deficiencies and which the Claims Administrator recommends for payment.

## IV.    BAR FOR FURTHER CLAIMS AGAINST THE NET SETTLEMENT FUND

In order to facilitate the efficient distribution of the Net Settlement Fund, it is respectfully requested that the Court bar any further Proofs of Claim against the Net Settlement Fund beyond

---

[4] One of the 10 Disputed Claims includes a claim which is now being recommended for approval by the Claims Administrator. However, as noted above, since the Claimant has not affirmatively withdrawn the request for review by the time of this motion, the Claims Administrator is including this claim for Court review. *See* Segura Administration Decl. ¶ 34, Ex. C.

00720678;V1

the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, it is respectfully requested that the class distribution order provide that no claim received on or after September 16, 2022 may be accepted for any reason whatsoever, and that no further adjustments to claims may be made for any reason after September 16, 2022. *Id.* ¶ 47(f).

## V.     THE COURT SHOULD APPROVE PAYMENT OF ADMINISTRATION-RELATED FEES AND EXPENSES

The fees and expenses charged by the Claims Administrator for notice and processing Claims in this matter through September 16, 2022 are $514,888.01. Segura Administration Declaration ¶ 46. To date, the Claims Administrator has been reimbursed the amount of $76,884.45. *Id.* The Claims Administrator has a remaining balance of $478,839.21 for fees, expenses and broker fees, and $46,139.74 in anticipation of the fees and expenses that will be incurred in making the initial distribution. *Id.* This amount is within the expected range for a claims administrator's work administering a settlement. *Id.* This settlement was particularly expensive and time-consuming to administer because an unusually large number of claims were submitted – over 75,000. Lead Counsel respectfully requests that the Court approve payment to the Claims Administrator.

## VI.    RECORDS RETENTION AND DESTRUCTION

If the Claims Administrator is required to maintain Claim Forms and related documents for an extended period, it will incur costs for storing such information. In order to prevent additional charges to the Settlement Class, Lead Counsel requests that the Court order that: (i) the

00720678;V1

7

Claims Administrator may destroy the paper copies of the Claims and all supporting documentation one (1) year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution;[5] and (ii) the Claims Administrator may destroy all electronic copies of the same one (1) year after all funds have been distributed. *Id*. ¶ 47(g).

## CONCLUSION

For all the foregoing reasons, Lead Counsel respectfully requests that the Court enter the proposed class distribution order: (i) approving the Claims Administrator's determinations concerning the acceptance and rejection of the Claims submitted; (ii) directing payment of the Net Settlement Fund to Authorized Claimants with a 90-day period for cashing checks; (iii) approving payment of the administration fees and expenses associated with administering the Settlement; and (iv) granting the proposed program allowing the Claims Administrator to destroy Claim Forms after the distribution(s).

DATED: December 7, 2022          **BERNSTEIN LIEBHARD LLP**

By: /s/ Stephanie M. Beige
Stanley D. Bernstein
Stephanie M. Beige (admitted *pro hac vice*)
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
beige@bernlieb.com
seidman@bernlieb.com

*Lead Counsel for Lead Plaintiff and the Settlement Class*

---

[5] Initial Distribution and Second Distribution have the meanings ascribed to them in the Segura Administration Declaration. *See* Segura Administration Decl. ¶ 47.

00720678;V1

00720678;V1

9